## In re ALBERS' PETITION.

1. VACATION OF STREETS—CONSENT OF CITY.

   The power of the courts to vacate a city street upon petition of the abutting land owners is not necessarily subject to the acquiescence of the city authorities. It should, however, when opposed by them, be sparingly exercised.

2. SAME—STATUTES—LEGISLATIVE AND JUDICIAL RECOGNITION.

   Any question as to whether chapter 32, 1 How. Stat., providing for "the recording of town plats, and for vacating the same," is applicable to city plats as well, has been settled in the affirmative by legislative and judicial recognition.

3. SAME—TITLE—COMPENSATION.

   A city has no proprietary interest in the public streets which entitles it to compensation when a street is vacated on petition of the abutting owners.

4. SAME—COMMON COUNCIL—JURISDICTION OF COURTS.

   The general jurisdiction of the circuit court over proceedings to vacate a city plat under chapter 32, 1 How. Stat., was not supplanted as to streets in the city of Grand Rapids by the provisions of the charter conferring certain general authority over streets upon the common council, or by the statute (2 How. Stat. § 6576) giving the superior court of Grand Rapids exclusive jurisdiction of all actions of a civil nature, at law or in equity, "against the city" or any of its officers.

*Certiorari* to Kent; Grove, J. Submitted June 15, 1897. Decided July 13, 1897.

Gerrit H. Albers and others petitioned the circuit court for the vacation of a portion of Trowbridge street, in the city of Grand Rapids. The petition was granted, and the city brings *certiorari*. Affirmed.

*Henry J. Felker*, city attorney (*Harvey Joslin*, of counsel), for appellant.

*Taggart, Knappen & Denison* and *Arthur R. Rood*, for appellees.

HOOKER, J.   We are asked to review, on *certiorari*, an order of the circuit court for the county of Kent vacating portions of Trowbridge street, in the city of Grand Rapids, upon petition of all land owners abutting on said portions of the street.   The proceeding rests upon chapter 32, 1 How. Stat., especially section 1476 *et seq.*   Several questions are raised by the brief of counsel who appear and defend upon behalf of the city, which is apparently unwilling that the street should be vacated.

While we are of the opinion that the power of vacating streets in opposition to the judgment and desire of the city authorities should be sparingly exercised, we cannot say that acquiescence by the city government is essential to the validity of such order.   And we think there is nothing in the point that this statute does not apply to plats in cities, but only to town plats.   The act mentions city plats in its first section (1 How. Stat. § 1473), and appears to relate to thickly-settled communities, such as villages and cities.   As counsel for the petitioners suggest, judicial and legislative recognition seem to have set the matter at rest, as shown by the following authorities quoted from the brief of counsel:   *City of Detroit* v. *Railroad Co.*, 23 Mich. 204, 206; Act No. 102, Pub. Acts 1891.

The law is attacked as being unconstitutional, for the reason that it permits the taking of property without compensation, though counsel support the contention with neither argument nor authority, further than to say that "the property proposed to be taken is valued at $6,000, which is sought to be donated to abutting owners."   We understand it to be contended that this property belongs to the city, and that this order takes it from the city without compensation.   Our understanding is that the city has no proprietary interest in the land, all of its authority over it growing out of its legal duty to maintain the public ways, which are placed in its charge.   *City of Detroit* v. *Railway Co.*, 76 Mich. 421.   Such interest in the land

113 MICH.—41.

is in the abutting proprietors ordinarily, and is apparently so in this instance, and by the express provision of the statute their rights are recognized. This statute has been applied in many cases, and its constitutionality does not appear to have been questioned.

The next proposition relied upon is that the common council, or at furthest the superior court of Grand Rapids, and not the circuit court, has jurisdiction of proceedings to vacate streets in that city. We are surprised that subdivision 39 of section 10 of title 3 of the charter of Grand Rapids (Act No. 444, Local Acts 1895) should be quoted as giving the council authority "to establish, construct, maintain, repair, enlarge, and discontinue streets," etc. It reads as follows: "To establish, construct, maintain, repair, enlarge, and discontinue *within the highways,* streets, avenues, lanes, alleys, and public places of said city, *such bridges, culverts, sewers, drains, lateral drains, and sewers as the common council may see fit, with a view to the proper draining and sewerage of said city.*" We ought not to be called upon to verify quotations of laws, and, when quoted, expect that counsel will exercise care that they will not be so garbled as to change their obvious meaning. We think there is nothing in this or the other charter provisions cited that supplants the law conferring jurisdiction upon the courts in cases of this character. See *Case* v. *Frey,* 24 Mich. 251.

It remains to consider the alleged jurisdiction of the superior court. The following is the law supposed to divest the circuit court of jurisdiction:

"And said superior court shall have exclusive jurisdiction of all actions of a civil nature, at law or in equity, which may be brought by or against the board of education of said city, or by or against said city or any of its officers." Act No. 113, Pub. Acts 1881, § 13; 2 How. Stat. § 6576.

It is argued that this was an action against the city, as its object was to take from it a portion of a public street *owned and controlled by it* as a street. Technically,

this was not an action at law or suit in chancery, but a statutory proceeding, under a power conferred upon circuit courts. And the city is not a necessary party. We have shown that the city does not own the land, and it is not suggested by the act that the city may appear and oppose the application, though we should hesitate to say that it might not be heard in opposition where any "reasonable objection to making such alteration or vacation" could be shown.

We think the circuit court had jurisdiction, and that its order should be affirmed. It is therefore so ordered.

The other Justices concurred.