DETROIT REAL ESTATE INVESTMENT CO. *v.* WAYNE CIRCUIT JUDGE.

1. HIGHWAYS AND STREETS—VACATION—JURISDICTION—COURTS.
    The courts and the common council of Detroit have concurrent jurisdiction in vacating streets.

2. SAME—VACATION OF STREETS—CONDITIONS.
    A city council may refuse to vacate a street except upon a specified condition.

3. SAME—COURTS—COMMON COUNCIL—RES ADJUDICATA.
    When a common council has acted upon a petition for the vacation of a street, the parties cannot begin another proceeding for the same purpose in the courts, unless there is some change in the circumstances to justify it.

Mandamus by the Detroit Real Estate Investment Company, Limited, and others, to compel Robert E. Frazer, circuit judge of Wayne county, to hear an application for the vacation of a street. Submitted April 12, 1904. (Calendar No. 20,467.) Writ denied July 7, 1904.

*George W. Radford,* for relators.

*A. B. Hall,* for respondent.

HOOKER, J. The annexed plat shows the ground affected by the original application, which was a petition addressed to the circuit court for the county of Wayne to vacate Bancroft avenue, in the city of Detroit.

This petition came on to be heard in the circuit court, and the petitioners were in attendance with witnesses, prepared to make proof in support of their petition. Counsel for the city stated orally to the court that the common

council of said city had, some time before the filing of this petition, passed a resolution vacating said Bancroft avenue upon certain conditions, and thereupon the court adjourned the hearing, and at a later date filed an opinion, of which the following is a copy:

"In the Circuit Court for the County of Wayne, in Chancery.

"Petition of the Detroit Real Estate and Investment Company, Limited, Kate D. Allen, and George W. Radford for Vacating Bancroft Avenue.

"The claim in this petition is that Bancroft avenue ought to be vacated, for certain reasons. It appears to my satis-

faction that this matter has already been presented to the common council, and that they ordered that Bancroft avenue, upon certain conditions, might be vacated. The law, as I understand it, permits a circuit court to interfere with the proceedings, and even set them aside, and act upon its own opinion as to the true merits of the case. I am satisfied that the conditions imposed by the common council are correct, and ought to be complied with, and I decline to interfere with their proceedings. I think that the determination of the common council is correct, and ought to be enforced.

                              " R. E. Frazer,
                                  " Circuit Judge.
" Feb. 5, 1904."

Thereupon the petitioners applied to this court for a mandamus to compel the circuit judge to proceed and hear the application upon the proofs offered by petitioners, and such other proofs as should be offered. The answer of the circuit judge states that—

" The petition filed herein under section 3376, 1 Comp. Laws, was denied for the reason that the granting or denying of such petition, in my opinion, lies in the discretion of the circuit court, and as the charter of the city of Detroit gives co-ordinate jurisdiction to the common council of the city of Detroit in the matter of vacating streets, and as the said common council had already passed upon this very question, it was not deemed advisable to interfere with the disposition of this case by that body."

It seems to be conceded that the council and the courts have concurrent jurisdiction in the matter of vacating streets. The council has acted in this case, and made an order, which still stands. Waples' Proceedings in Rem, § 111. It is said that this order is conditional, and therefore void, but we think otherwise. The city had been to expense in connection with this street. It had paved one or more intersections, and, we understand, had caused a sewer to be constructed, which is now a part of its sewer system. How much the general public might be incommoded by the vacation of the street does not appear, but, in a way, the inhabitants generally are affected by changes,

as they are in the uniformity and directness of streets.
Proceedings to vacate streets are proceedings in rem, and,
if the petitioners in this case were not signers of the ap-
plication to the council, they were doubtless in a situation
to be bound by the action of the council. At all events,
we have been pointed to nothing which indicates that the
proceedings of the council were irregular, except that it
imposed a condition upon the granting of the petition.
We think it might lawfully do this, and, having acted,
dissatisfied parties are not at liberty to begin another pro-
ceeding, and enforce repeated consideration of the ques-
tion, either before the council or in the courts. If action
can be again invoked, it must be under a showing of such
a change in circumstances as will justify it, for new rea-
sons. It is said that the condition imposed by the council
cannot be performed, because the petitioners did not own
the land required. The council might, in its discretion,
have refused to vacate the street, and, if this action be
considered to amount to a denial of the petition, this pro-
ceeding should not have been instituted. We think the
condition not necessarily beyond its power. It had a
right to look after its sewers and the investment that it
had made in street pavements, and perhaps the exten-
sion of Third avenue and the alley mentioned. In view
of the fact that Bancroft avenue should be replaced by an
alley, embracing part of its territory, it was manifestly
proper that the council should be asked to take action, re-
garding which ordinarily a court has no authority, unless
it be by way of imposing a condition.

The statute authorizing the vacation of plats by courts
of justice has been construed to confer the power to vacate
streets. This is perhaps anomalous, for such power is
generally confided to the municipal authorities, whose
action in such cases is discretionary. See cases cited in
27 Am. & Eng. Enc. Law (2d Ed.), 114, and note 7. We
have indicated in the *Case of Albers*, 113 Mich. 642 (71
N. W. 1110), that the proceeding is not technically an
action or suit, but a statutory one, and its determination

must ordinarily, as in the case of action by the council, involve the discretionary consideration of public interests, and can seldom, if ever, rest on a claim of private right, to the exclusion of other considerations.

There was enough before the circuit court to justify his refusal to proceed in this matter.

The writ is denied.

The other Justices concurred.