# JUNE TERM, 1920.*

STORY & CLARK PIANO CO. *v.* OTTAWA CIRCUIT JUDGE.

1. MUNICIPAL CORPORATIONS—VACATING STREET—RIGHT OF CITY TO BE HEARD—STATUTES.

    In proceedings under 1 Comp. Laws 1915, § 3353 *et seq.*, by a private corporation to vacate a public street adjacent to its property in the city of Grand Haven, the right to appear and be heard, given by section 3359 to any person or persons "interested" is not so limited by the provisions of section 3355, giving the right to be heard to owners of land immediately adjoining, as to preclude the municipality from appearing and being heard.

2. SAME—GRAND HAVEN CHARTER—VALIDITY—COLLATERAL PROCEEDINGS.

    The validity of the charter of said city will not be determined in this collateral proceeding.

3. SAME—EVIDENCE—ADMISSIBILITY—STATUTES.

    The testimony of persons living on said street, other than those permitted to be heard in opposition to the vacation proceedings by section 3355, dealing with the use of the street by themselves and the public, and the inconvenience which would be occasioned to themselves and the public by its vacation, *held*, admissible.

4. CERTIORARI—WEIGHT OF EVIDENCE—QUESTIONS REVIEWED.

    On certiorari the Supreme Court does not weigh the evidence and determine upon which side the preponderance rests, but concerns itself solely with the question as to whether there is any evidence to support the findings of the trial judge.

5. MUNICIPAL CORPORATIONS—VACATING STREET—EVIDENCE—SUFFICIENCY.

    The finding of the trial judge that said street should not be vacated, considering the public interest, present and future, *held*, supported by the testimony.

*Continued from Vol. 211.

Certiorari to Ottawa; Cross (Orien S.), J. Submitted August 17, 1920. (Docket No. 89.) Decided September 30, 1920.

Petition by the Story & Clark Piano Company to vacate a street in the city of Grand Haven. The city appeared and opposed such petition. From an order denying the petition, plaintiff brings certiorari. Affirmed.

*Lillie, Lillie & Lillie,* for appellant.

*Louis H. Osterhous,* for appellee.

FELLOWS, J. Petitioners own a frontage of 155.7 feet on both sides of Columbus street in the city of Grand Haven. Pursuant to the provisions of 1 Comp. Laws 1915, § 3353 *et seq.,* it filed a petition in the circuit court for the county of Ottawa to vacate the street adjacent to its property. No question is raised as to the regularity of the proceedings. The city of Grand Haven appeared and opposed the granting of the prayer of the petition. Some two days were consumed in taking the testimony and at the conclusion of the hearing the trial judge denied the prayer of the petition and filed the following findings:

"A petition was filed to vacate a certain part of Columbus street in the city of Grand Haven, objections to the granting of an order were filed by the city of Grand Haven. Issue was joined and proofs taken in open court.

"It appears that Columbus street is one of the three streets in the city of Grand Haven, leading to the terminals of the Grand Trunk railway system, the docks of the Goodrich Transit Company and the Wisconsin Transit Company. It is the only street north of the main street of the city which leads to Water street. The team track of the Grand Trunk railway system extends along Water street and is used extensively from Columbus street to Washington street.

"While it is true that at present, Columbus street between First and Water streets, is not as much used as Washington street or Franklin street, yet if it were paved it would be used much more than Franklin street, and would to a great extent carry the traffic to and from the freight houses of the transportation companies and the factory districts.

"The city has its water and sewer pipes laid in and along Columbus street, from Water to First streets, and to grant the order in this case would take from the city the right to enter that part of the street to repair the water and sewer pipes.

"Petitioner conducts a large business in the city, gives good employment to a great many people, and is of vast benefit to the city. The desire of petitioner to further increase its production and make same more easily accomplished is to be commended, yet private interests cannot be advanced to the detriment of the public.

"That portion of the street sought to be vacated is necessary for the convenience of the public, and when paved will be of much greater benefit to the city, and will be in keeping with the general policy of the city to keep and maintain its streets leading to and from the water front and transportation facilities.

"Sufficient reasonable objections to making such vacation have been established. It is therefore ordered that the prayer of the petition be and the same is hereby denied."

We shall not discuss in detail each assignment of error. All of them have been considered, and such as are not discussed are regarded as unimportant in the disposition of the case.

It is urged that the city of Grand Haven has no right to be heard in this proceeding. This is based quite largely upon the case of *In re Albers' Petition,* 113 Mich. 640, the language found in that opinion particularly stressed in the instant case being: "The city is not a necessary party." This language was there used by Mr. Justice HOOKER in considering the question of the character of the proceedings. He had just stated

that the proceedings were technically neither an action at law or a suit in chancery, and we might add to what was there said on this subject that the proceedings are proceedings *in rem.* *Detroit Investment Co.* v. *Wayne Circuit Judge,* 137 Mich. 108. But Mr. Justice HOOKER, after using the language quoted, also said:

"We should hesitate to say that it might not be heard in opposition where any 'reasonable objection to making such alteration or vacation' could be shown."

The question there under consideration is not the question here involved. As the right of the city to be heard in this proceeding *in rem* is now before us we should definitely settle it and to do so we must add to what was there said when this question was not in issue. We are impressed that the city has a right to be heard in a proceeding instituted to vacate any of its streets. The streets are for the use of the public and under the care and control of the municipality. Under the provisions of the act (1 Comp. Laws 1915, § 3359) the right to appear and be heard is given to any person or persons "interested." We do not think this is so limited by the provisions of section 3355 giving the right to be heard to owners of lands immediately adjoining that part of the street proposed to be vacated as to preclude the municipality from appearing and being heard. Obviously the city may not successfully raise fanciful, visionary or shadowy objections, but no such objections are made in the instant case, nor is there anything upon this record showing that the city in attempting to retain the use of this street for the benefit of the public is acting in bad faith.

It is urged that the city may not be heard because its charter has never been validly adopted under the provisions of the home-rule act, so-called. We cannot determine the validity of the city charter in this collateral proceeding.

Certain persons who lived on Columbus street were called as witnesses by the city. Petitioner's counsel objected to their giving testimony because they were not such persons as were permitted to be heard in opposition to the petition by the provisions of section 3355, 1 Comp. Laws 1915, and if they were entitled to be heard at all they could not be heard unless they had appeared in the case. Their testimony dealt with the use of the street by themselves and the public, and the inconvenience which would be occasioned to themselves and the public by its vacation. We know of no rule, either statutory or otherwise, which prohibited the city from calling them as witnesses. That they had a personal interest not asserted by an appearance in court and an active contest might affect the credit to be given their testimony but it did not render it inadmissible.

Upon certiorari we do not weigh the evidence and determine upon which side the preponderance rests. Our investigation of the evidence is directed solely to the question of whether there is any evidence to support the findings of the trial judge—to support the judgment. There is an abundance of evidence in this record to support the judgment, to sustain the findings of the circuit judge. This testimony is not without conflict; there is in the evidence sufficient to sustain a finding either way. While there is testimony tending to show that the street is but little used at present, there is other testimony tending to show a considerable present use of it, particularly during the summer months. It is not used as much as streets which are paved, but that is quite universally true in all our cities and villages. If all streets were vacated which are not used as much as the main arteries of travel great inconvenience would result to no inconsiderable portion of the public. There is testimony in this record showing that but little has been done

by the city on the street to keep it up, but there is also testimony that the policy of the city has been not to expend money on streets which are soon to be paved; there is testimony that paving of this street is in contemplation of the city authorities. It leads to the railroads, steam and electric; to the docks of the lake steamers; is but a block from the leading street of the city upon which traffic is very congested. In fine, there is an abundance of testimony to establish both a present and a future public use, and a present and future public necessity, and a present and future public convenience. It is not a street merely upon paper, but has been one of the public streets of the city for over 80 years. That its vacation would be of great private benefit to the petitioner is established. But the streets of a city may not be vacated and their use surrendered to private interests solely on the grounds of private benefits. The public interest present and future must be considered. This the trial judge did. His finding has support in the testimony.

The writ of certiorari must be dismissed and the judgment affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.