### In re ENGELHARDT.

1. MUNICIPAL CORPORATIONS—PETITION TO VACATE PARK DEDICATED TO PUBLIC—NONABUTTING OWNERS.

Order granting motion to strike appearance and answer of owners of lots not adjoining park dedicated by proprietors of plat to public purposes denied such owners their day in court to voice opposition to petition for vacation of park by owners of lots abutting it (CL 1948, § 560.62, as amended by PA 1958, No 101; § 560.68).

REFERENCES FOR POINTS IN HEADNOTES

[2]   16 Am Jur, Dedication § 23.
17A Am Jur, Easements § 47.
Conveyance of lot with reference to map or plot as giving purchaser rights in indicated streets, alleys, or areas not admitting his lot.   7 ALR2d 607.
[4]   50 Am Jur, Statutes § 217.

2. SAME—PLATS—DEDICATION OF PARKS—PRIVATE RIGHTS OF LOT OWNERS.

The sale of lots by reference to a plat is an offer by the proprietor of the plat to dedicate the parks to the public, conditioned upon the acceptance thereof by the public through general user or by acts of the public authorities, and gives the purchasers of lots throughout the subdivision private rights in such parks (CL 1948, § 560.62, as amended by PA 1958, No 101; § 560.68).

3. SAME—PLATS—VACATION OF DEDICATED PARKS—PARTIES.

The private rights of owners of lots not abutting parks dedicated by the proprietors of a subdivision to public uses are subject to statutory proceedings to vacate the parks that have been instituted by owners of lots abutting the parks, since the owners of nonabutting lots come within the class of *any person interested* which is accorded the right to appear and object (CL 1948, § 560.62, as amended by PA 1958, No 101; § 560.68).

4. STATUTES—CONSTRUCTION.

A construction of a statute that is consistent with judicially according constitutional rights will be chosen rather than one inconsistent therewith, where there is a fair choice between allegedly conflicting statutory interpretations.

5. MUNICIPAL CORPORATIONS—PLATS—VACATION OF PARKS—OBJECTIONS—TOWNSHIP—COUNTY ROAD COMMISSION.

The township and county road commission are granted the right to appear and add their objections to the vacation of parks which had been dedicated by the plat proprietors to public uses upon remand for consideration of objections by owners of lots not abutting the parks whose appearance and answer had been stricken by trial court, notwithstanding previous denial of leave to appeal from order denying motion by township and county road commission to reopen proofs (CL 1948, § 560.62, as amended by PA 1958, No 101; § 560.68).

Appeal from Calhoun; Magnotta (Alfonso A.), J. Submitted June 8, 1962. (Docket No. 27, Calendar No. 49,186.) Decided December 4, 1962.

Petition by Charles E. Engelhardt and others, adjoining property owners, for the vacation of that part of recorded plat of Graham Lake Terrace desig-

nated as a public park. Answer of other property owners in subdivision objecting to vacation dismissed, and decree entered for plaintiffs. Defendants appeal. Reversed and remanded.

*William R. Worth,* for plaintiffs.

*Wagner & Greene* (*Richard T. Greene,* of counsel), for defendants.

SOURIS, J. By order striking their appearance and answer, owners of platted lots which do not adjoin a park dedicated by the proprietors of the plat to public purposes were denied their day in court to voice opposition to a petition for its vacation filed by owners of lots adjoining it. This proceeding for vacation of a public park is authorized by statute. CL 1948 and CLS 1956, § 560.59 *et seq.,* as amended by PA 1958, No 101 (Stat Ann 1953 Rev and Stat Ann 1961 Cum Supp § 26.489 *et seq.*). The statute provides:

"Any person owning any land immediately adjoining that part which it is proposed to alter or vacate, correct or revise, may appear in opposition to the petition; and if upon the hearing the applicant shall produce to the court satisfactory evidence that the notice required by the preceding section of this act has been given, the court shall proceed to alter or vacate, correct or revise, the plat or part thereof, unless there is reasonable objection to making the alteration or vacation, correction or revision, in which case the court shall not proceed to alter or vacate, correct or revise the plat or part thereof unless it is deemed necessary for the health, welfare, comfort or safety of the public." CL 1948, § 560.62, as amended by PA 1958, No 101 (Stat Ann 1961 Cum Supp § 26.492).

The trial court held appellants were not entitled to appear in opposition to the petition because

they were "back lot" owners, not owners of land immediately adjoining the park proposed to be vacated and, therefore, they were not entitled by the quoted statutory provision to oppose the petition. Appellants argue, on the other hand, that another section of the statute, CL 1948, § 560.68 (Stat Ann 1953 Rev § 26.498), gives them the right to appear in opposition. That section provides:

"When application is made to alter or vacate any plat, as aforesaid, any person interested may appear in person or by attorney and oppose the same by having his appearance entered upon the records of the court for that purpose."

We have concluded that the trial judge erred in striking appellants' appearance and answer and that he should have considered their proofs, taken on a special record, in reaching his decision on the petition. In this State, the sale of lots by reference to a plat is an offer by the proprietor of the plat to dedicate the parks to the public, conditioned upon acceptance thereof by the public through general user or by acts of the public authorities; but in any event such sale gives to the lot purchasers private rights in such parks. *Schurtz* v. *Wescott,* 286 Mich 691, 695, and cases cited therein. Although *Kirchen* v. *Remenga,* 291 Mich 94, involved a plat laid out so that each platted lot was adjacent to one of several parks, we cited *Schurtz* v. *Wescott* in support of the proposition that such sales of lots pass to the purchasers common rights to use areas designated on the plat as parks. The point is that at least as between the plat proprietors and their grantees and as between the grantees within the plat, or their successors, private rights to the use of park property arise and are in addition to the rights of the public acquired upon acceptance of the dedication. These rights are subject to statutory vacation pro-

ceedings such as are invoked here. *Westveer* v. *Ainsworth,* 279 Mich 580. Viewing the 2 statutory provisions quoted above with the constitutional right to a fair hearing these upland lot owners surely possess, it would seem that such provisions grant due right to object in favor of 2 classes, the first being owners of land "immediately adjoining" and the second being "any person interested." Both sections were in full force and effect when the plat here involved was approved and recorded. At that time the recent case of *Story & Clark Piano Co.* v. *Ottawa Circuit Judge,* 212 Mich 1, declared unanimously, as against the same contention petitioner-appellees advance now:

"Under the provisions of the act (CL 1915, § 3359) the right to appear and be heard is given to any person or persons 'interested.' We do not think this is so limited by the provisions of section 3355 giving the right to be heard to owners of lands immediately adjoining that part of the street proposed to be vacated as to preclude the municipality from appearing and being heard."*

Appellants' rights to a hearing in a proceeding affecting their private rights to use the park property are at least as compelling, constitutional rights to due process considered, as was the municipality's right in *Story & Clark.* Their right to be heard is manifest and will be judicially accorded when there is fair choice between allegedly conflicting statutory interpretations, one consistent and the other inconsistent with constitutional rights. *Lawrence Baking Co.* v. *Unemployment Compensation Commission,* 308 Mich 198, 215 (154 ALR 660), and *Grand Rapids Booming Co.* v. *Jarvis,* 30 Mich 308, 323.

---

* CL 1915, §§ 3355, 3359 have been repealed and their provisions, in almost identical wording, are incorporated in the sections discussed herein.—REPORTER.

*In re Petition of Carson,* 362 Mich 409, affirmed the right of subdivision landowners to appear as interested parties, pursuant to section 560.68, in a proceeding to vacate a private roadway designated as such on the plat even though their land did not adjoin the roadway. Appellants here, have at least an equal right to be heard in this proceeding, notwithstanding the fact that the park sought to be vacated is a public park, because appellants possess private rights therein, as landowners within the plat, in addition to their rights as members of the public.

Such right of statutory objection has been recognized for many years in all owners of land within the plat or subdivision in which the land proposed to be vacated is located. In *Kirby Terminal Co.* v. *Detroit,* 339 Mich 155, 160, the Court, referring to cases relied upon by appellant in that case, said:

"In all of these cases the vacated property lay within the same subdivision and not without, as is the situation here. As early as *Kimball* v. *Homan,* 74 Mich 699, this distinction was noted, the Court in that case saying (p 703):

" 'These plats are quite frequently made to fit in with adjoining ones, so that the highways in one are continuations of those in another. But each plat stands by itself, and in vacating any portion of it the persons concerned are always regarded as those owning property in the plat itself.' "

At the hearing below, the township and county road commission appeared but offered no opposition to the relief prayed. After submission of proofs, but before decree, the township and commission moved to reopen proofs but the trial judge denied their motions. We subsequently denied leave to appeal on application by the township. Having reviewed the entire record in our consideration of this appeal, we are convinced justice requires, upon remand for consideration of appellants' objections, that the

proofs be reopened to afford the township and the county road commission an opportunity to add their objections (however belatedly aroused) for the trial court's consideration in redetermination of the issues presented.

Reversed and remanded. Costs to appellants.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.