# STATE OF MICHIGAN

# COURT OF APPEALS

RENEE B. LAFAVE, SHIRLEY ZIMMER, RONALD PROCTOR, and JOANN M. PROCTOR,

UNPUBLISHED
January 27, 2015

Plaintiffs/Counter-Defendants-
Appellees,

and

LAWRENCE R. MCCALEB,

Plaintiff,

v

IONIA COUNTY ROAD COMMISSION CHAIRPERSON, JOHN BUSH, STATE TREASURER, CHARLES LLOYD BABCOCK, DAWN KONENSKI, ROGER KONENSKI, LEON PLATTE TRUST, ALICIA BETZ, MEDFORD BAILEY, ROBERT ZIMMER, TRACY ANTHONY, DANIEL R. ZIMMER, JODIE L. ZIMMER, DAWN ALDRICH, PATRICIA LIPPINCOTT TRUST, JOHANNA PARSHALL, MICHELLE DROSTE, EUGENE DROSTE, DIRECTOR OF DEPARTMENT OF NATURAL RESOURCES, CONSUMERS ENERGY CO., AT&T, HOMEWORKS TRI-COUNTY ELECTRIC CO-OP, TOWNSHIP OF LYONS, IONIA COUNTY ROAD COMMISSION, DIRECTOR OF DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS,

No.   315439
Ionia Circuit Court
LC No.   2010-027799-CH

Defendants,

and

SALLY N. COOK,

Defendant/Counter-Plaintiff,

and

-1-

MOLLY E. KANDLE-KOST and JAMES KOST,

        Defendants/Counter-Plaintiffs-
        Appellants.

Before: RONAYNE KRAUSE, P.J., AND WILDER AND STEPHENS, JJ.

WILDER, J. (*dissenting*)

I agree with the majority's conclusion that the Kosts were not entitled to a prescriptive easement, which derives from "use of another's property that is open, notorious, adverse, and continuous for a period of fifteen years." *Mulcahy v Verhines*, 276 Mich App 693, 699; 742 NW2d 393 (2007). I also agree that owners of lots in a plat enjoy a right to use a roadway, which is separate and independent from the public's right to use that roadway and the abutting property owners' rights. *2000 Baum Family Trust v Babel*, 488 Mich 136, 152; 793 NW2d 633 (2010); *Petition of Engelhart*, 368 Mich 399; 118 NW2d 242 (1962); *Kirchen v Rumenga*, 291 Mich 94, 108; 288 NW 344 (1939); see also 2 Restatement Property, 3d, § 2.13, p 172.

I respectfully dissent from the majority's determination that, on the basis of the trial court's finding of nonuse, Molly Kandle-Kost and James Kost (the Kosts) abandoned any rights they had remaining in Weberta Drive as lot owners in the plat. Abandonment requires nonuse *coupled* with intent to abandon. See *Ludington & Northern R v Epworth Assembly*, 188 Mich App 25, 33; 468 NW2d 884 (1991). Although the trial court found credible testimony to the effect that Weberta Drive had not been regularly used by anyone, the trial court did not make any express findings regarding the Kosts' intention to abandon any rights they had remaining in Weberta Drive. Despite the trial court's failure to address the Kosts' intent, the majority nevertheless concludes that the Kosts' nonuse, "coupled with their apparent desire to prevent anyone else from using the easement rather than any genuine desire to use it themselves, constitutes an overt act manifesting an intent that the easement be abandoned." I respectfully disagree. The Kosts testified that they built their garage to utilize both Evelyn Drive and Weberta Drive, and LaFave's partner testified that, despite the fence erected by LaFave's predecessor, which prevented the Kosts from driving on Weberta Drive, James Kost warned her that the Kosts still intended to use Weberta Drive as a road. Moreover, the evidence showed that the Kosts subsequently filed suit to have the fence removed, and that after the fence was removed by court order, plaintiffs observed the Kosts driving on Weberta Drive. In my judgment, all of this evidence precluded the trial court from finding that the Kosts' nonuse of Weberta Drive as a road showed they also intended to abandon their rights, as lot owners in the plat, to use Weberta Drive as a road.

I would therefore conclude that the trial court erred by ordering Weberta Drive to be vacated in the plat without reserving the interest of lot owners in the plat to use the roadway. See *Beach v Township of Lima*, 489 Mich 99, 102; 802 NW2d 1 (2011); see also *Tomecek v Bavas*, 482 Mich 484, 496; 759 NW2d 178 (2008).

        /s/ Kurtis T. Wilder