## In re OAKES.

1. Statutes—Constitutional Law—Statute Not Voided by Invalid Amendment—Highways and Streets.

An order of trial court vacating part of plat, which complies with valid statute (1 Comp. Laws 1915, § 3354), should not be held void because, in addition, it also complies with an amendment thereto which may be invalid (section 3355).

2. Highways and Streets—Dedication—Acceptance.

Mere filing of plat by private individuals delineating streets or highways thereon imposes no duty on township authorities to accept same, and until accepted by proper authorities said streets or highways do not become public highways.

3. Same—Acceptance.

Acceptance by township of street or highway shown on plat filed by private individuals may be by appropriate motion or resolution or by entering upon and working the street or highway.

4. Same—Constitutional Law—Municipal Corporations—Vacating Street.

Provision of Constitution (article 8, § 28) giving to cities, villages, and townships reasonable control of their streets and highways has no application in proceedings by private individuals to vacate part of plat which 'was never accepted by township authorities.

5. Same—Estoppel—Vacating Street.

In proceedings by private individuals to vacate part of plat never accepted by township authorities, contention that platters of land in question, having sold lands in plat with reference to street indicated thereon, are estopped from taking any steps to vacate any part of same, is without merit where petition to vacate was also signed by others not interested in original plat.

6. Certiorari—Only Law Questions Reviewable.

On certiorari to review order vacating part of plat, where there was testimony to support court's. finding, order is affirmed, since only questions of law may be reviewed.

As to sufficiency of petition for application to vacate highway, see annotation in 26 L. R. A. 832.

Certiorari to Ottawa; Cross (Orien S.), J. Submitted January 7, 1930. (Docket No. 27, Calendar No. 34,626.) Decided March 6, 1930.

Petition by James W. Oakes and others to vacate a portion of a street. Objections were filed by Edward Behm and others. From a decree for plaintiffs, defendants bring certiorari. Affirmed.

*Louis H. Osterhous,* for plaintiffs.

*Charles E. Misner,* for defendants.

POTTER, J. March 30, 1928, James W. Oakes and Mary McMillan Oakes, husband and wife, Louis· H. Osterhous and Adeline J. Osterhous, husband and wife, and George H. Dettling and Martha M. Dettling, husband and wife, filed a petition in the circuit court for Ottawa county to vacate a part of the plat of Sheldon Beach Subdivision, towit, the north nine feet of Lake Driveway covered by such plat. The order granting the prayer of petitioners recites, and it is not disputed, that there was publication, posting, and service of the statutory notices. Objections were filed by persons interested in the plat and by the township of Grand Haven, in which the lands platted are situated. After hearing, there was an order entered granting the prayer of petitioners, and the objectors bring certiorari. No claim is made that the provisions of 1 Comp. Laws 1915, § 3354, were not complied with. Section 3355, 1 Comp. Laws 1915, was amended by Act No. 6, Pub. Acts 1926 (Ex. Sess.), by inserting therein the following:

"If such petition is signed by at least two-thirds of the owners of lands and premises in such town or village or part thereof proposed to be vacated or altered and who also own collectively at least two-

thirds by area of the lands and premises therein, the court shall, if all of such proceedings are regular, order that such town or village or part thereof be vacated or altered as prayed in said petition.''

It is contended by objectors the order of the trial court is void because based upon this statute, as amended in 1926, for the reasons heretofore stated by this court. *In re Petition of Hawkins,* 244 Mich. 681; *In re Hendricks,* 248 Mich. 124. Laying out of consideration the language added to 1 Comp. Laws 1915, § 3355, by Act No. 6, Pub. Acts 1926 (Ex. Sess.), we think the order attacked complies, in all respects, with the statute in force prior to the amendment, and if good, under a valid statute, will not be held void because in addition it complies with an amendment thereto which may be invalid.

It is claimed the part of the plat proposed to be vacated constitutes a portion of a street or highway, and in view of section 28 of article 8 of the Constitution giving cities, villages, and townships reasonable control of their streets and highways, proceedings may not be had to vacate a street or highway on the application of private persons without the consent or against the objection of the municipal authorities. This contention might be sound if the part of the plat proposed to be vacated constituted a part of a street or highway. Here the plat showing the proposed street or highway was filed by private persons interested therein.

Private individuals, upon compliance with the law, may plat lands, but the mere filing of a plat by them delineating a street or highway thereon imposes no duty upon the township authorities to accept such highway, no obligation to expend highway funds raised by taxation or otherwise thereon, and no liability to private individuals for damages arising from the negligent maintenance thereof, unless such

street or highway is accepted by the township. It may be accepted by the township by appropriate motion or resolution or by entering upon or working the street or highway. If it were otherwise, a private individual might thrust a grant upon the township without its assent. This it cannot do. *County of Wayne* v. *Miller,* 31 Mich. 447. Here there was no acceptance of the street or highway, either by appropriate motion or resolution of the township authorities or by entering upon and working the street or highway, so as to pass control thereof to the municipality. The constitutional provision relied on has no application.

It is claimed the petition to vacate was filed herein by the platters of the land in question, and they, having sold lands in the plat with reference to this street as indicated thereon, are estopped from taking any steps to vacate any part of the same. Though this be conceded, the petition to vacate herein was signed by George H. Dettling and Martha M. Dettling, husband and wife, who were not interested in the original plat, did not join in its execution, and are in no wise affected by the rule relied upon. The petition is not therefore void for the reason assigned.

This case is here on certiorari. The trial court found there was no reasonable objection to making the vacation petitioned for. There was testimony to support his findings.

"The office of a writ of certiorari is to bring up for review the proceedings of the lower court, tribunal, board, or officer to determine whether such court, tribunal, board, or officer acted within its or his jurisdiction either in assuming jurisdiction of the proceedings or in the manner in which the jurisdiction was exercised. Only questions of law can be reviewed. Questions of fact cannot be tried." 1 Abbott's Cyc. Mich. Practice (2d Ed.), p. 274.

The lower court acted within its jurisdiction in determining the facts. No question of law is presented which requires reversal. The judgment of the trial court is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.