WESTVEER *v.* AINSWORTH.

1. DEDICATION—PLATS—ESTOPPEL TO VACATE.

   As between owner-plattor and purchasers of lots by reference to a recorded plat, he is estopped to vacate such portion of it as is necessary or convenient for the use of such purchasers and the public but the proprietor is not estopped from reclaiming or shutting up any street or portion thereof delineated on his plat where private rights are not directly affected and public authorities have not accepted the dedication.

2. SAME—GRANTEES OF PLATTOR—VACATION OF PLAT.

   Grantees of an original plattor are not estopped to take proceedings to vacate dedicated portions of a recorded plat, which have not been accepted by public authorities, except as against purchasers of lots therein (3 Comp. Laws 1929, § 13256 *et seq.*)

3. SAME—GRANTEES OF PLATTOR.

   Grantees of original plattors of a recorded plat, seeking to vacate portions dedicated for public use but not accepted by public officials, are in position of applicants for possible unfair advantage, hence case must be considered from that point of view.

4. SAME—VACATION—OBJECTION BY LOT PURCHASER.

   There is no common test as to the things the lot purchaser must do upon platted public grounds in order to make his objection to vacation reasonable and the question may be one of reasonable use (3 Comp. Laws 1929, § 13259).

5. SAME — VACATION — SUBDIVISION IN SAND DUNES — REASONABLE OBJECTIONS.

   The taking away of conditions prized by lot owners in a subdivision platted among the sand dunes, such as natural wildness, loss of view, increase in size of colony, and loss of frontage on park areas as originally platted, dedicated and maintained for over 40 years, by subdivision and sale of such

park areas in such a way as to impair enjoyment of the place for summer resort purposes *held*, to constitute a reasonable objection on the part of lot owners to petition of dedicators' grantees to vacate portions of plat including public park areas (3 Comp. Laws 1929, § 13259).

Appeal from Ottawa; Miles (Fred T.), J. Submitted January 12, 1937. (Docket No. 86, Calendar No. 39,295.) Decided May 21, 1937.

Petition by William Westveer, R. A. Hoek and Edward Garvelink, trustees of the segregated assets of the First State Bank of Holland, Michigan, to vacate a plat of land. Objections were filed thereto by Arthur Ainsworth and others. From order denying petition, except in part, plaintiffs appeal. Affirmed.

*Diekema, Cross & Ten Cate,* for plaintiffs.

*Grant Sims* and *Laurence W. Smith,* for defendants.

FEAD, C. J. This is review of an order denying the vacation of a plat, except in small part.

In 1886 the West Michigan Park Association, owner, recorded a plat of the premises, providing 150 lots, and designating the balance as parks, streets, etc. Each lot was adjacent to a park. The property consisted of sand dunes with some wild grass, shrubs and trees upon them. Its value lay in summer home purposes. The owner sold most of the lots, describing them in the deeds of conveyances by reference to the recorded plat.

Through foreclosure of mortgage, given in 1889, foreclosure of a levy made in 1891, conveyance in 1914 by the purchaser on such foreclosures, the Ottawa Beach Resort Company became the owner of

the property not laid out in lots. In 1926 the latter executed a mortgage to the First State Bank of Holland, covering all the premises except certain lots. Plaintiffs have title on foreclosure of the latter mortgage.

In 1892 another plat of the premises was recorded, containing more lots and changing the general plan, without vacation of the first plat or any legal proceedings permitting a change. However, this plat becomes unimportant.

The dedication of the parks and highways in the plat was not accepted by the public authorities, either through formal resolutions or expenditure of public moneys thereon.

The objectors to vacation are owners of some of the 150 lots appearing on the plat and who take through chain of title from the original purchasers from the plattor. They and owners of other lots, or their grantors, have built summer homes, some of them expensive. They have constructed sidewalks, roads, lighting and sewer system, protective cement works to save trees, and every year have expended money to clear the walks and roads of drifted sand. Aside from such works, the property is in a natural state and, apparently, has value only as a place for children to play on the sand hills, for the view of surrounding country, and for the lack of congestion of population or buildings.

The testimony indicates that a large hotel once existed on the property and boat docks for lake steamers had been constructed, but the hotel burned and the boats quit running some years ago. The testimony upon these matters is not sufficiently specific to give the facts weight upon the issue. Plaintiffs avow a purpose to sell the property for individual summer homes.

There having been no acceptance of the dedication by the public, the question is whether the lot owners have a private right to continuance of the public places as indicated on the plat.

It is the great weight of authority that dedication by the owner-plattor becomes irrevocable upon sale of lots by reference to the plat and he is estopped to vacate it. 18 C. J. p. 119; 8 R. C. L. p. 914; Ann. Cas. 1917A, 1109, note. And the grantees of the dedicators are bound by the dedication. 18 C. J. p. 115.

In *Pulcifer* v. *Bishop,* 246 Mich. 579, this court recognized the principle when it said:

"But it is also the rule in this and other States that the platting and sale of lots constitute a dedication of streets, etc., delineated on the plat, as between the grantors and the purchasers from them."

This estoppel, however, has its limitations. In *Diamond Match Co.* v. *Village of Ontonagon,* 72 Mich. 249, this court said:

"As between individuals so purchasing and the proprietors, they are entitled to have the streets necessary or convenient for their use and enjoyment of the property purchased by them kept open for their own and the public's use. But such proprietor is not estopped from reclaiming or shutting up any street or portion thereof delineated on his plat, where private rights are not directly affected."

We need not attempt to define precisely the sort of title the lot purchaser has in the public grounds nor discuss the matter of vacation at common law, because when the instant plat of 1886 was recorded, as now, the statutes provided for change therein by the court unless there be "reasonable objection to making such alteration or vacation." 1 How. Stat.

§ 1478 *et seq.;* 3 Comp. Laws 1929, § 13259. While such proceedings may constitute an attempt at revocation of the dedication, 18 C. J. p. 123, grantees of the original plattor are not estopped to take them. *In re Oakes,* 249 Mich. 494. And the statutes themselves name the persons who may make application.* The plat must be deemed to have been recorded subject to the statutory conditions and plaintiffs are not estopped from pursuing the procedure. The estoppel runs only to their denying the dedication as against the lot purchasers.

In considering ''reasonable objections,'' however, the estoppel has some force. It puts plaintiffs in the position of applicants for possible unfair advantage and requires consideration of the case from that point of view.

There is no common test as to the things the lot purchaser must do upon the platted public grounds in order to make his objection to vacation reasonable. The question may be one of reasonable use. *Conkling* v. *Village of Mackinaw City,* 120 Mich. 67.

Sand dunes do not lend themselves to improvement into a tailored resort without expense prohibitive to cottage owners. Alteration or nonalteration of the existing conditions cannot be the sole test of an objection. Nor is the technical right or easement of view decisive. Nor does the case rest upon the number of children who play in the sand nor the precise use of it made by their parents. The whole situation must be taken into account.

It is apparent that the value and charm of the place to the purchasers lay in its natural wildness. According to the plat the colony permanently would remain small and the spaces in front of the lots

---

* See 3 Comp. Laws 1929, § 13256 *et seq.*—Reporter.

open. Strangers and the confusion of a populous resort could not press them in. . They were to be away from the madding crowd.

This exclusion and freedom were what they wanted and purchased. They expended money on the public places, not to make them over but to preserve them in their natural state, with only such impedimenta of civilization as were necessary to personal comfort. They have consistently so kept the property. Nothing has occurred within the boundaries of the plat or outside to render their plan, in operation for over 40 years, abortive or impossible of indefinite continuance. It is a reasonable objection to vacation of the plat that it is proposed to take from the lot owners the conditions they prize as advantages and for which they have paid, impair the enjoyment of their property and subject it to the destruction which would result from subdivision and sale of the public premises for profit.

No cross-appeal was taken. The exceptions to the general order denying vacation were made upon concessions of counsel and after view of the premises by the court. The testimony does not indicate the validity of other exceptions.

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.