SCHURTZ *v.* WESCOTT.

TOWNSHIP OF LA GRANGE *v.* SCHURTZ.

1. DEDICATION—STREETS—PLATS.

In suits between heir of plattors of subdivision, adjoining a lake and consisting of 112 lots together with streets and two parks, where streets were expressly dedicated to use of the public for street purposes only and nothing said as to parks on the recorded plat, and owners, plattors *held*, to have intended to set streets apart for use of the grantees.

2. SAME—PLATS—SALE OF LOTS—STREETS.

The platting and sale of lots of a plat constitutes a dedication of streets delineated thereon as between the grantors and the purchasers from them.

3. SAME—EFFECTIVE AS TO GRANTEES—ACCEPTANCE BY PUBLIC.

The mere making of the sale of lots with reference to a map or plat prepared or adopted by the owner does not constitute an irrevocable dedication to the public but amounts to a mere offer of dedication which may be withdrawn if not accepted by the public within a reasonable time although as between grantor and grantees the dedication is irrevocable in nature.

4. SAME—ACCEPTANCE BY PUBLIC—EVIDENCE.

Public rights attach to lands dedicated to the public use in plats upon either an express or implied acceptance thereof, evidenced either by general public user, or by the acts of the public authorities.

5. SAME—GRANTEES BOUND BY DEDICATION MADE.

Grantees of dedicators are bound by the dedication made.

6. SAME—ACCEPTANCE OF ALL STREETS BY PUBLIC IMPROVEMENT OF PART.

Acceptance of all streets in a subdivision which were dedicated to the public on the recorded plat *held*, to have been effected by expenditure of township money for improvement, and general use by the public, of one of such streets.

7. SAME—ACCEPTANCE BY PUBLIC—EVIDENCE OF INTENT.

It is not essential that every part of a highway in length or width should be worked, improved, and traveled, in order to show the intent of the public to accept a dedication.

8. SAME—ACCEPTANCE BY USER.

It is not necessary that any formal action be taken by the city or municipality in order to accept the dedication of a street; user and improving the street or any part thereof being sufficient.

9. SAME—PARKS—COMMON USE BY LOT OWNERS.

Finding that lots in a subdivision were sold with reference to common use by lot owners of two parks appearing on the plat *held*, sustained by record.

10. SAME—PARKS—STREETS—ESTOPPEL.

The making and recording of a plat, sale of lots and use by lot owners and public of streets and parks for a great many years estops the heir of the plattors from claiming exclusive rights in the parks and streets.

11. SAME—PLATS—WATER FRONT—PARKS—STREETS.

Under plat showing parks adjoining a lake and no severance or reservation of the water front in the plattors and record showing use of parks and streets by lot owners and public generally for a great many years, water front *held*, a part of the streets and parks in which heir of plattors had rights coextensive only with other lot owners.

12. NUISANCES—KEEPING OF DOGS.

Trial court's finding that keeping of dogs and dog pens in a subdivision, not located in a congested city, was not a nuisance *held*, proper, where it is shown the pens were cleaned every day.

Appeal from Cass; Warner (Glenn E.), J. Submitted October 11, 1938. (Docket Nos. 72, 73, Calendar Nos. 40,211, 40,212.) Decided December 21, 1938.

Bill by Donna V. Schurtz against Dana E. Wescott to restrain alleged waste, and maintenance of a dog kennel and for other relief. Bill by Township of La Grange and others against Donna V. Schurtz to quiet title to land, for injunction and other relief.

Cross-bill by defendant against plaintiffs to quiet title, for an injunction and other relief. Cases consolidated for trial and appeal. From decrees rendered, Donna V. Schurtz appeals. Affirmed.

*Harry C. Howard* and *Carroll B. Jones,* for appellant.

*Clarence M. Lyle, Yeagley & Yeagley,* and *Asa K. Hayden,* for appellees.

Sharpe, J. In 1891, Frank S. Jones and Carroll S. Jones with other adjoining land owners caused to be laid out and recorded the plat of Diamond Lake Park near Diamond Lake in Cass county. In the plat there are 112 lots and two parcels marked "north park" and "south park." The "parks" are separated by a street or highway known as Forest avenue, and are the part of the plat closest to the lake. The "parks" on their eastern boundary along the lake shore are approximately 400 feet in length, 48 feet wide at the south end and 154 feet wide at the north end. The streets in the plat were dedicated to the public, but the "parks" were not so dedicated. On the plat, the "parks" are bordered on the west by a street 50 feet wide and known as Park street. Eight lots border on the parcel platted as Park street. In the recorded plat it is stated that the streets as shown on said plat are dedicated to the use of the public for street purposes only.

Appellant, Donna V. Schurtz, is the heir and daughter of Carroll S. Jones and claims full title to the "parks" by virtue of inheritance from her father and uncle and by purchase from her brother, Carroll B. Jones. Appellee Wescott is a lot owner in Diamond Lake Park.

Donna V. Schurtz first began suit to restrain Wescott's waste and unauthorized use of her premises and the parks, to prevent him from interfering with her control and enjoyment of the property, to restrain erection or maintenance of any boat house, and to abate a dog nuisance maintained by Wescott.

Wescott, the township of La Grange and others filed a bill to quiet title to the parks and adjoining streets and to restrain the removal of the dance hall, boat houses, piers and other property along the shore line of said lake.

The two suits were consolidated into one case at the trial and on appeal. The trial court after a hearing held that the parks were not public parks; that the township did not hold the title in trust for the benefit of the public; that ownership of any lot in the plat carried with it private rights to the use of the parks as parks in common with other lot owners; that the dog kennels owned by Wescott are not a nuisance; and that dedication of Park street was not revoked.

Donna V. Schurtz appeals and contends that she owns the fee title to the parks and land east thereof to the lake; that as owner of the parks, she had the sole right to control their use as well as the use of the shore line; that the dedication of Park street as platted was properly revoked and as a result of such revocation she has title thereto; that the dogs and pens maintained by Wescott are a nuisance; and that the court failed to declare the rights of the parties.

In our examination of the record we find that the streets were expressly dedicated by written statement on the plat; and that there was no written statement dedicating the parks to the public except the words "north park" and "south park." Appellees contend that the facts are such that the trial court could have found that there was either a statu-

tory or common-law dedication of the parks. In so far as the mentioned streets are concerned, we arrive at the conclusion that it was the intention of the owner to set apart these streets for the use of the grantees.

In *Pulcifer* v. *Bishop,* 246 Mich. 579, we said:

"But it is also the rule in this and other States that the platting and sale of lots constitute a dedication of streets, etc., delineated on the plat, as between the grantors and the purchasers from them."

Appellees also contend that the sale of lots in reference to a plat is an offer by proprietor to dedicate the parks to the public and such sales give private rights in such parks to the lot owners; and that public rights attach upon acceptance by the public either through general user or by acts of public authorities.

In *Pulcifer* v. *Bishop, supra,* we said:

"As affecting the public, this court is committed to the rule, obtaining in many other States—

" 'That the mere making of the sale of lots with reference to a map or plat prepared or adopted by the owner does not constitute an irrevocable dedication to the public, but amounts to a mere offer of dedication, which may be withdrawn if not accepted by the public within a reasonable time.' 18 C. J. p. 120. * * *

"It is said in Dillon on Municipal Corporations (5th Ed.), § 1090, p. 1737:

" 'In this connection it must be kept in view that the platting and sale create certain rights in the grantees of the original owner, which, as between the grantor and the grantee, are irrevocable in their nature. * * *

" 'But other decisions recognize a *clearly defined distinction* between the rights acquired by the *public* through dedication effected by platting and sale, and the *private rights* acquired by the grantees by virtue of grant or covenant contained in a deed which refers to a plat, or bounds the property upon a street through the grantor's lands. These decisions adopt the view that where lands are platted and sales are made with reference to the plat, the acts of the owner in themselves merely create private rights in the grantees entitling the grantee to the use of the streets and ways laid down on the plat or referred

to in the conveyance. But these rights are purely in the nature of private rights founded upon a grant or covenant, and no public rights attach to such streets or lands until there has been an express or implied acceptance of the dedication, evidenced either by general public user, or by the acts of the public authorities. In this view, the making of the plat and the sale of lands with reference thereto are merely evidence of an intent to dedicate, which like every other common-law dedication, to be made complete and carried into effect so as to create public rights, must be accepted and acted upon by the public.' Citing *Village of Grandville* v. *Jenison*, 84 Mich. 54.''

In *Westveer* v. *Ainsworth,* 279 Mich. 580, we said:

''It is the great weight of authority that dedication by the owner-plattor becomes irrevocable upon sale of lots by reference to the plat and he is estopped to vacate it. 18 C. J. p. 119; 8 R. C. L. p. 914; Ann. Cas. 1917A, 1109, note. And the grantees of the dedicators are bound by the dedication. 18 C. J. p. 115.''

We find no evidence that Park street has been abandoned. On the contrary we think there has been an acceptance of this street as a street. The township expended money to improve the street; lumber has been drawn over the street and the public in general has used this street.

In *Crosby* v. *City of Greenville* (syllabus), 183 Mich. 452, we held:

''It is not essential that every part of a highway in length or width should be worked, improved, and traveled, in order to show the intent of the public to accept a dedication.   *   *   *

''It is not necessary that any formal action be taken by the city or municipality; user and improving the street or way or any part thereof are sufficient.''

See, also, *Olsen* v. *Village of Grand Beach,* 282 Mich. 364.

In the case at bar, the township authorities expended public money in improving the streets and building culverts in Diamond Lake Park. In our

opinion these acts constituted an acceptance by the township of the streets as public highways.

As to the "parks" the trial court held that any lot owner has the right to the use of the "parks" in common with other lot owners. In our opinion the trial court was right in so decreeing. The record sustains a finding that when lots were sold in the plat, the sale was made in reference to the use to be made of the parks by the lot owners. Moreover, there was no objection to the use of the parks on the part of lot owners and the public generally until shortly before appellant Schurtz filed her bill of complaint. The making and recording of the plat, the sale of lots, the use of the streets and parks by the lot owners for a great many years estops appellant Schurtz from now claiming exclusive rights in the parks and streets. The parks as shown on the plat contained in the record indicate no severance or reservation of the water front. The lake is shown as adjoining the parks. It must therefore necessarily follow that the water front is a part of the street and parks and as such the rights of appellant Schurtz to the water front are co-extensive only with other lot owners.

The trial court also found that the dogs and dog pens were not a nuisance. In view of the fact that these pens were cleaned every day and were not located in a congested city, we are inclined to adopt the view of the trial court.

The decrees of the trial court are affirmed. Appellees may recover costs.

WIEST, C. J., and BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.