DARNTON v. TOWNSHIP OF HAYES

1. DECLARATORY JUDGMENT—DISCRETION—COURT RULES.
    The court rule providing for declaratory judgments is couched in permissive, not mandatory, terms (GCR 1963, 521).

2. DECLARATORY JUDGMENT—PARTIES—PLATS—SUBDIVISION CONTROL ACT—DISCRETION.
    A proceeding under the Subdivision Control Act of 1967 is preferable to an action for declaratory judgment where plaintiffs

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 22 Am Jur 2d, Declaratory Judgments § 9.

seek to determine their own rights and also those of other abutting property owners and the general public in platted streets and alleys in a subdivision, because the subdivision control act provides a means for protecting the interests of all these persons, whereas the declaratory judgment rule has no mandatory procedure for bringing in parties not already directly in the litigation; therefore it was not an abuse of discretion for the trial judge to dismiss the action for declaratory judgment without prejudice to a proceeding under the subdivision control act where not all persons whose interests would be affected were parties in the declaratory judgment action (MCLA § 560.101 *et seq.;* GCR 1963, 521).

Appeal from Charlevoix, Charles L. Brown, J. Submitted Division 3 December 2, 1969, at Lansing. (Docket No. 6,853.)   Decided March 25, 1970.

Complaint by Thomas E. Darnton and other property owners against the Township of Hayes, Charlevoix County Road Commission, and the Auditor General of Michigan seeking a declaratory judgment to determine the status of certain platted streets and alleys.   Complaint dismissed on defendants' motion. Plaintiffs appeal.   Affirmed.

*Michael & Berlage (MacLean, Seaman & Laing,* of counsel), for plaintiffs.

*Guy C. Conkle, Jr.,* for defendants Township of Hayes and Charlevoix County Road Commission.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Nicholas V. Olds* and *Warren R. Snyder,* Assistant Attorneys General, for defendant Auditor General of Michigan.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

BRONSON, J.   Plaintiffs are property owners in Charlevoix county.   Their lands abut certain unim-

proved land which was dedicated by plat for use as streets and alleys. Plaintiffs, seeking clarification of their rights under GCR 1963, 521, the declaratory judgment rule, filed a complaint alleging that Beach Drive and all of the subject streets and alleys as platted have never been formally accepted for streets or alleys; or that, in the alternative, the said streets and alleys were abandoned by the municipal government. Defendants filed a motion to dismiss, and this motion was granted by the trial judge. From this decision in the circuit court for the county of Charlevoix, plaintiffs appeal.

The plat of Pine Point was recorded in 1913. The streets and alleys which are the subject of this litigation lie east of Eastern Avenue in the township of Hayes. It is plaintiffs' contention that the only improvements to the streets in question have been made by the plaintiffs and at plaintiffs' expense. That, further, it is not necessary for the public to use the improved portions of each drive which is involved here in order to have access to the Lake Charlevoix area, since Eastern Avenue runs down to the lake and gives access in approximately the same area. Thus, plaintiffs argue, the public would not be excluded from the lake, but only from the 316-foot-long portion of that area designated as Beach Drive which abuts on the lots occupied by plaintiffs' cottages.

The trial judge in his opinion found:

"[T]hat the provisions of the statute known as the Subdivision Control Act outlines the procedure to be followed instead of the provisions of GCR 1963, 521, known as the Declaratory Judgment Procedure."

Accordingly, the trial court granted the motion to dismiss, but without prejudice to the plaintiffs' pro-

ceeding under the Subdivision Control Act if they so desired.

Basically what we are asked to decide on appeal is whether in fact the Subdivision Control Act of 1967, being MCLA § 560.101 *et seq.* (Stat Ann 1969 Cum Supp § 26.430[101] *et seq.*) is the exclusive remedy available to plaintiffs. The question we have to decide is whether the Subdivision Control Act precludes plaintiffs from proceeding under GCR 1963, 521, the declaratory judgment rule. Without venturing to express any definite opinion as to the compatibility of the statute with the court rule, we feel that plaintiffs *in this specific case under these circumstances cannot prevail.*

GCR 1963, 521.3 states:

".3. Other Adequate Remedy. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

GCR 1963, 521.1, being the power to make declaratory judgment, is couched in permissive rather than mandatory terms. It states that the circuit court in a case of actual controversy within its jurisdiction *"may* declare the rights and other legal relations of any interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." The trial court based its opinion in part upon the fact that the General Court Rules became effective in 1963 while the Subdivision Control Act was passed in 1967. The court felt that this was evidence of a specific statutory preemption by the legislature and therefore overruled the General Court Rules. Under today's decision we feel no need to make any determination on such basis. However, the trial court did say:

"Streets and alleys in the plat are dedicated to the use of the public—not merely the rights of the abutting property owners—therefore, many others besides plaintiffs would be affected were this court or any court to find the plat was never accepted or, if so, that the roads, streets and alleys therein had been abandoned. Certainly such a finding would have the effect of vacating and altering the plat."

Plaintiffs own some 57 out of 175 parcels in the platted area. Under MCLA §§ 560.224, 560.225 (Stat Ann 1969 Cum Supp §§ 26.430[224], 26.430[225]) specific and detailed provisions are made for notice, publication, mailing, and the persons to be served with notice. Further, what is at issue is the proposed access route to Lake Charlevoix. Thus, the public is also a party in interest. The facts according to plaintiffs' brief read:

"During the past several years, persons seeking to use Beach Drive in front of appellants' cottages for recreational purposes have been asked to go elsewhere, but many have persisted in their efforts to use the area involved for various purposes, and did immediately prior to institution of suit, petition defendants to open said Beach Drive as a public beach."

Plaintiffs then state:

"It is not necessary for the public to use the portion of Beach Drive which is here involved to have access to Lake Charlevoix in this vicinity, for the reason that Eastern Avenue runs down to the lake and gives access thereto. Thus, the public would not be excluded from the lake but only from the 316-foot-long portion of the area designated as Beach Drive which abuts on the lots occupied by appellants' cottages."

In a supplemental reply brief, plaintiffs state:

"It would appear that the rights of the other lot owners in the subdivision, as members of the public,

are adequately protected by the township board and the Auditor General as parties defendant and that the township attorney and Attorney General have assumed the burden of preventing any improper invasion of their rights."

For this proposition they cite the authority of *United States* v. *Illinois Central R. Co.* (1894), 154 US 225, 238, 239 (14 S Ct 1015; 38 L Ed 971). However, in that case the United States Supreme Court stated:

"The only parties interested in the public use for which the ground was dedicated are the owners of lots abutting on the ground dedicated, and the public in general. The owners of abutting lots may be presumed to have purchased in part consideration of the enhanced value of the property from the dedication, and it may be conceded they have a right to invoke, through the proper public authorities, the protection of the property in the use for which it was dedicated. The only party interested, outside of abutting owners, is the general public, and the enforcement of any rights which such public may have is vested only in the parties clothed with the execution of such trust, who are in this case the corporate authorities of the city, as a subordinate agency of the state, and not the United States."

Thus, it would seem that the Court in *United States* v. *Illinois Central R. Co.* differentiated between the public at large and those property owners abutting or within the plat. In the present case plaintiffs owned about one-third of the property in the plat and not all of the abutting property owners are plaintiffs. Under GCR 1963, 521, there is no mandatory procedure for inclusion or notification to those parties not presently directly involved in this litigation. We find that in order to fully and adequately protect all of the abutting land owners, all of the land owners within the plat, and the public at

large, the Subdivision Control Act is the preferable means for proceeding, in this case. Accordingly, since GCR 1963, 521.1 is couched in permissive terms, we find that the lower court judge did not abuse his discretion by refusing to proceed under the declaratory judgment rule.

Affirmed.

All concurred.