FELDMAN v MONROE TOWNSHIP BOARD

1. DEDICATION—PRIVATE DEDICATION—PLATS—REVOCABILITY.

A private dedication is irrevocable upon the sale of lots by reference to a plat and the grantees of the dedicators are bound by the dedication.

2. EASEMENTS—PLATS—DEEDS—ENFORCEABILITY.

Purchasers of lots in a plat take not only the interest of the grantor in the land described in their respective deeds, but also take an easement in the streets, parks, and public grounds mentioned and designated in the plat; such an easement appurtenant to the lots sold is valid and enforceable not only against the plattor of such land, but against all who hold under the original grantor.

3. EASEMENTS—NONUSE—ABANDONMENT.

Mere nonuse, no matter how long, will not constitute an abandonment in an easement created other than by prescription unless accompanied by some act which manifests a clear intent to abandon.

4. STATUTES—SUBDIVISION CONTROL ACT—PLATS—VACATION—STANDING.

The section of the Subdivision Control Act which gives standing to proprietors to apply in circuit court for vacation or revision of a recorded plat is interpreted to mean that two-thirds of the proprietors collectively, of the platted land, who also own two-

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Dedication §§ 25, 60, 61.

Revocation or withdrawal of dedication by grantees or successors in interest of dedication. 86 ALR2d 860.

[2] 25 Am Jur 2d, Easements and Licenses §§ 8, 26.

Conveyance of lot with reference to map or plat as giving purchaser rights in indicated streets, alleys, or areas not abutting his lot. 7 ALR2d 607.

[3] 25 Am Jur 2d, Easements and Licenses § 105.

Loss of private easement by nonuser or adverse possession. 25 ALR2d 1265.

[4] 20 Am Jur 2d, Covenants, Conditions, and Restrictions § 320.

thirds by area of that land, have such standing (MCLA 560.222[2]).

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 January 2, 1974, at Lansing. (Docket No. 16065.) Decided March 5, 1974. Leave to appeal denied, 391 Mich 837.

Petition by Garold Feldman and Helen M. Feldman against the Monroe Township Board, landowners in Greenings Bayside Subdivision No. 1, and others to vacate certain areas shown on the plat as dedicated to the use of subdivision property owners. Vacation denied. Plaintiffs appeal. Affirmed.

*Edward L. Cobb,* for plaintiffs.

*Ready, Sullivan & Ready,* for defendants.

Before: LESINSKI, C. J., and HOLBROOK and BASHARA, JJ.

HOLBROOK, J. Plaintiffs are seeking to reverse the December 6, 1972 circuit court ruling denying the vacation of certain areas of the recorded plat, Greenings Bayside Subdivision No. 1. The plat was duly filed in 1928 by Benjamin Greening, and included a statement that "the streets, parks, and canals as shown on said plat are hereby dedicated to the use of the property owners only". These properties consisted of areas labeled (1) "La Plaisance Court", (2) "canal" (westerly), (3) "canal" (easterly), and (4) "park", all of which have been so dedicated for the past 45 years.

Plaintiffs claim rights as successors in interest of the original grantor-dedicator and as owners of lots abutting the dedicated properties. Following the submission of proofs at trial, plaintiffs amended their request for relief to exclude the

"westerly canal" and a portion of the park. It appears that plaintiffs' interest in obtaining the dedicated areas is to expand their current business ventures there. At trial there was considerable testimony as to the degree of use that defendants and plaintiffs have made of the dedicated areas.

Plaintiffs have brought their claim under two theories, the first being that defendants' lack of use constitutes abandonment or nonacceptance of the privately dedicated properties so that title vests in the owner of the abutting land. Plaintiffs argue that the present case, while involving a private dedication, should use the same guidelines as those used to vacate public dedication. This position, however, is not supported by the law.

A private dedication is "irrevocable" upon the sale of lots by reference to the plat and the grantees of the dedicators are bound by the dedication. See 86 ALR2d 860, § 6, p 877; *Westveer v Ainsworth,* 279 Mich 580; 273 NW 275 (1937); *Kirchen v Remenga,* 291 Mich 94; 288 NW 344 (1939).

The *Kirchen* Court provides guidance as to the legal theory under which such private dedications occur and of the status of the parties therein, p 108–109; 288 NW 349:

"The purchasers of lots in the original plat took not only the interest of the grantor in the land described in their respective deeds, but, as an incorporeal hereditament (1 Sheppard's Touchstone [7th Ed] p 91) appurtenant to it, took an easement in the streets, parks and public grounds mentioned and designated in the plat as an implied covenant that subsequent purchasers should be entitled to the same rights. The grantors could not recall this easement and covenant any more than they could recall other parts of the consideration. They added materially to the value of every lot purchased. *Grogan v Town of Hayward,* 4 F 161 [Calif Cir, 1880].

And the rule has been established in this state that such an easement appurtenant to the lots sold is valid and enforceable not only against the plattor of such land, but as against all who hold under the original grantor. *Westveer v Ainsworth,* 279 Mich 580 [273 NW 275 (1937)]; *Schurtz v Wescott,* 286 Mich 691 [282 NW 870 (1938)]; 18 CJ 115."

We agree with this position and rule that both the defendants and plaintiffs have an easement in the privately dedicated lands. The generally acknowledged principle concerning easements is that mere nonuse, no matter how long, will not constitute an abandonment in an easement created other than by prescription unless accompanied by some act which manifests a clear intent to abandon. *First National Trust & Savings Bank v Smith,* 284 Mich 579, 588; 280 NW 57, 60 (1938); *State Highway Commission v St Joseph Twp,* 48 Mich App 230, 237; 210 NW2d 251, 254–255 (1973); 25 Am Jur 2d, Easements and Licenses, § 105, p 509.

The trial judge, under the facts presented, was amply justified in determining that a clear intent to abandon was not shown. On the contrary, plaintiffs and defendants are in dispute over the use of the area, not abandonment. For a case involving similar facts and supporting this position, see *Schurtz v Wescott,* 286 Mich 691; 282 NW 870 (1938).

Plaintiffs' second argument relies on the recently enacted Subdivision Control Act of 1967, specifically MCLA 560.101; MSA 26.430(101) through MCLA 560.229; MSA 26.430(229). This Court agrees with the lower court's determination that unfortunately these provisions emerged prematurely from the legislative drafting process. Typifying the result and confusion is the revised MCLA 560.222(2); MSA 26.430(222)(2). In determin-

ing who has standing to sue under the act, this section declares:

"To vacate, correct, alter or revise a recorded plat or any part of it, the proprietor of a subdivision or any lot in a subdivision; the governing body of a municipality which considers it necessary or advisable in the interest of the welfare, health or safety of its citizens; 2/3 of the proprietors collectively, of lands in the subdivision, and who also own 2/3 by area of the lands may apply to the appropriate circuit court."

The section preceding the first semicolon, namely, "the proprietor of a subdivision or any lot in a subdivision"[1] conflicts with that section following the last semicolon "2/3 of the proprietors collectively, of lands in the subdivision, and who also own 2/3 by area of the lands".

One of two conclusions is possible from this wording, either the latter portion is correct and it overrules the standing of a proprietor of a single lot or the first section is correct and the latter section then is meaningless. A review of the legislative history reveals that the only substantial change brought about by § 222(2) from its predecessor, § 60 of the Plat Act, is the addition of the clause following the last semicolon. It would appear unlikely that the Legislature would have added this clause only to have it negated by the first one.

Plaintiffs argue that because of this Court's decision in *Darnton v Hayes Twp,* 22 Mich App 575; 177 NW2d 706 (1970), we have previously determined that full weight should be given to the first clause. However, this Court in *Darnton* was concerned with determining which procedure, either a declaratory judgment under GCR 1963, 521,

---

[1] A proprietor of a subdivision *may* qualify also under the last provision of the section.

or the Subdivision Control Act, was the better procedure to bring a similar plat action. No issue was presented to that Court on the present disputed section. Thus, this Court determined only that the Subdivision Control Act was the better method for plaintiffs to proceed under rather than pursue a declaratory judgment action. As such, that case is not controlling as to the issue here raised. Plaintiffs do not qualify as "2/3 of the proprietors collectively, of lands in the subdivision, and who also own 2/3 by area of the lands".

We hold that the latter clause, giving standing to 2/3 of the proprietors collectively, of the platted land, who also own 2/3 by area of that land, is the controlling interpretation.

Affirmed. No costs, the interpretation of a statute being involved.

All concurred.