*In re* VACATION OF PLAT OF MOLLIE BRITTON ESTATE

(FIRST NATIONAL BANK OF SOUTHWESTERN MICHIGAN v
MICHAELS)

Opinion of the Court

1. Statutes—Plats—Vacation of Plats—Standing.

Plaintiffs seeking the vacation of a plat lack standing to maintain
the action where they do not represent two-thirds of the
proprietors collectively of the platted land and do not own two-
thirds by area of that land (MCLA 560.222[2]).

Concurrence by D. E. Holbrook, P. J.

2. Statutes—Plats—Vacation of Plats—Standing.

*Plaintiffs must represent two-thirds of the proprietors of the
platted land who also own two-thirds of the area of that land,
in an action to vacate a plat (MCLA 560.222[2]).*

Appeal from Van Buren, David Anderson, Jr., J.
Submitted Division 3 June 7, 1974, at Grand Rap-
ids. (Docket No. 18476.) Decided January 8, 1975.

Petition by First National Bank of Southwestern
Michigan, Trustee of the Mollie Britton Testamen-
tary Trust, against Ray Michaels, Faye Michaels,
and Beverly Nemeth to vacate a portion of a
subdivision plat. Petition granted. Defendants ap-
peal. Reversed.

*O'Connor, Feldman & Tuskla,* for plaintiffs.

*Donald R. Halstead,* for defendants.

Reference for Points in Headnotes
[1, 2] 23 Am Jur 2d, Dedication §§ 25–27, 59, 61, 72.

Before: D. E. HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. This is an action to vacate a plat. The trial court granted the relief prayed for and we reverse. The plaintiffs do not represent "2/3 of the proprietors collectively, of the platted land, who also own 2/3 by area of that land". Thus, under the rule of *Feldman v Monroe Township Board,* 51 Mich App 752; 216 NW2d 628 (1974), *lv den* 391 Mich 837 (1974), the petitioners lack standing to maintain this action.

Speaking only for myself I wish to add a few words of explanation. I reluctantly vote to reverse because I am unable to convince my brothers that *Feldman* should be repudiated. While the Supreme Court's denial of leave in *Feldman* does not act as an affirmance, *Frishett v State Farm Mutual Auto Insurance Co,* 378 Mich 733 (1966), *Malooly v York Heating & Ventilating Corp,* 270 Mich 240; 258 NW 622 (1935), and thus leaves me free to dissent, I feel that to do so would merely add uncertainty to the law. I can only hope that either the Supreme Court or the Legislature will correct our error in *Feldman* which works a needless hardship on many persons with a need to seek vacation of a plat.

The *Feldman* holding is based on that portion of MCLA 560.222(2); MSA 26.430(222)(2) which reads:

"To vacate, correct, alter or revise a recorded plat or any part of it, the proprietor of a subdivision or any lot in a subdivision; the governing body of a municipality which considers it necessary or advisable in the interests of the welfare, health or safety of its citizens; 2/3 of the proprietors collectively, of lands in the subdivision,

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and who also own 2/3 by area of the lands may apply to the appropriate circuit court."

The Court analyzed the statute in the following terms:

"The section preceding the first semicolon, namely, 'the proprietor of a subdivision or any lot in a subdivision' conflicts with that section following the last semicolon '2/3 of the proprietors collectively, of lands in the subdivision, and who also own 2/3 by area of the lands'.

"One of two conclusions is possible from this wording, either the latter portion is correct and it overrules the standing of a proprietor of a single lot or the first section is correct and the latter section then is meaningless. A review of the legislative history reveals that the only substantial change brought about by § 222(2) from its predecessor, § 60 of the Plat Act, is the addition of the clause following the last semicolon. It would appear unlikely that the Legislature would have added this clause only to have it negated by the first one."

I do not believe that *Feldman's* treatment of the legislative history can withstand analysis. Section 60 of the old Plat Act dealt with standing in the following language: "Any proprietor of part of a plat". The new statute reads "The proprietor of a subdivision or any lot in a subdivision". I can only assume that this change was deliberate and the Legislature intended to make it clear that the proprietor of any lot could maintain an action.

The source of the language regarding 2/3 of the proprietors who own 2/3 of the land appears to be § 63 of the old Plat Act which read:

"If the petition is signed by at least 2/3 of the proprietors of lands and premises in such plat or part thereof proposed to be vacated or altered, corrected or revised, and who also own collectively at least 2/3 by area of the lands and premises therein, the court shall, if all such proceedings are regular, order that the plat

or part thereof be vacated or altered, corrected or revised as prayed in the petition. The clerk of the court shall, within 30 days after the entry of such order, forward to the auditor general a certified copy thereof."

This statute was on the books for a long time but apparently was given very little effect. The Supreme Court indicated on several occasions it would be unconstitutional to require the circuit court to grant the relief prayed for simply because the 2/3 requirement had been met. *In re Petition of Hawkins,* 244 Mich 681; 222 NW 108 (1928); *In re Petition of Hendricks,* 248 Mich 124, 226 NW 878 (1929); *In re Oakes,* 249 Mich 494; 229 NW 408 (1930); *In re Petition of Bryant,* 323 Mich 424; 35 NW2d 371 (1949).

Looking into my somewhat murky crystal ball I think that something like the following occurred. When the act was written the 2/3 language was taken out of old § 63 and put into the section governing standing. Then, probably because the Supreme Court regarded it as unconstitutional, the provision making it mandatory that the court grant the relief prayed for was eliminated. However, due to an oversight the 2/3 language was left in the statute. Perhaps, as the plaintiff suggests, the Legislature meant to shift the burden of proof when the 2/3 requirement was met. However, the Legislature left out any mention of what significance the 2/3 requirement would have.

I also think that a comparison of the language used in subsection 1 of § 222 with the language of subsection 2 is instructive. Subsection 1 confers standing on the proprietor of the subdivision or any lot in the subdivision. Subsection 2 uses the same language and then lists others who have standing. It seems to me that the Legislature meant that a larger class was to have standing

under subsection 2 than under subsection 1. Yet, under *Feldman* the class in subsection 2 is narrowed.

I agree with *Feldman* that the statute is inartfully drafted. I also agree that it is unlikely that the Legislature added the 2/3 language only to have it negated by the earlier language. However, I would point out that it is equally unlikely that the Legislature would confer standing on a proprietor of a lot only to have it taken away by a later clause.

The rule of statutory construction that whenever possible all portions of the statute should be given effect is violated by *Feldman.* It is not necessary to find a conflict between two portions of the statute. Effect can be given to both provisions if the statute is interpreted as it is written. Granted not many people will ever make use of the 2/3 provision but at worst this approach treats surplusage as surplusage. The *Feldman* approach uses surplusage to reach a result contrary to the legislative intent.

Reversed and remanded.

T. M. Burns, J., concurred.

D. E. Holbrook, P. J. *(concurring).* Because we are not convinced that the rule in *Feldman v Monroe Township Board,* 51 Mich App 752; 216 NW2d 628 (1974), *lv den* 391 Mich 837 (1974), should be repudiated, this concurring opinion is written.

We therefore reverse on the basis of *Feldman* and adopt the first paragraph of our brother's, Judge Raymond L. Smith, opinion. We deem that any change in the rule laid down in *Feldman* should come from the Legislature or the Supreme Court.