NELSON v ROSCOMMON COUNTY ROAD COMMISSION

Docket No. 53210. Submitted February 9, 1982, at Lansing.—Decided
June 10, 1982.

Plaintiffs, Oscar A. Nelson, Ruth C. Nelson, Raymond N. Rapa-
port and Sylvia Richman are owners of lots abutting a portion
of Church Street in the platted Michigan Central Park Subdivi-
sion of Gerrish Township in Roscommon County. The first
addition to the Michigan Central Park Subdivision in Gerrish
Township was platted in 1901, and Church Street was dedi-
cated in that plat. However, the portion of Church Street
abutting their land has never been open to pedestrian or
vehicular travel or any other public use. It was covered with
grass, trees and underbrush and was maintained by plaintiffs.
Plaintiffs erected a fence which crossed the street and defen-
dant took the fence down. Plaintiffs then brought an action in
the Roscommon Circuit Court against the County Road Com-
mission to enjoin the removal of the fence and the taking of
any other action which would permit the public to travel in the
Church Street area abutting plaintiffs' properties. The trial
court, Carl L. Horn, J., entered a judgment in favor of plain-
tiffs, vacating that portion of Church Street in Gerrish Town-
ship, Roscommon County, and ordering that the land compris-
ing that portion of the street revert to plaintiffs. Defendant
appeals. *Held:*

1. Plaintiffs had standing to bring the action.

2. Land is not considered dedicated to the public unless the
owner of the fee appropriates it to some public use and it is
accepted for such use by or in behalf of the public. Since the
street had never been accepted, it had never been dedicated. In
the absence of the dedication of a street a township's lack of

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Property § 19.
   66 Am Jur 2d, Registration of Land Titles §§ 14, 18.
[2] 73 Am Jur 2d, Statutes § 354.
[3] 23 Am Jur 2d, Dedication § 8.
[4, 6] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 143 *et seq.*
[4, 5] 23 Am Jur 2d, Dedication §§ 28, 41 *et seq.,* 50 *et seq.*
[6] 39 Am Jur 2d, Highways and Streets §§ 184, 185.

approval for the vacation of that street is of no consequence and the Subdivision Control Act does not bar the circuit court's consideration of a petition to vacate the street.

3. A grantee of property in a platted subdivision acquires a private right entitling him to the use of the streets and ways laid down on the plat, regardless of whether there was a sufficient dedication and acceptance to create public rights. However, the fact that back-lot platted property owners have an inherent right to use the streets and public areas laid down in the plat does not mean that a plaintiff is required to join them in an action to vacate a part of a street. Their rights will not be affected by vacation of a portion of the platted street. The court did not err in granting judgment for plaintiffs.

Affirmed.

1. ACTIONS — REAL PROPERTY — PLATS — STANDING.

The owner of a single lot in a platted subdivision has standing to bring an action to vacate, correct, alter or revise the recorded plat or any part of it (MCL 560.221, 560.222; MSA 26.430[221], 26.430[222]).

2. STATUTES — AMENDMENT — RETROSPECTIVITY.

Statutes relating to remedies or modes of procedure which do not create new or take away vested rights are presumed to operate retrospectively in the absence of language clearly showing a contrary intention.

3. DEDICATION — ACCEPTANCE — PUBLIC USE.

Land is not considered dedicated to the public unless the owner of the fee appropriates it to some public use and it is accepted for such use by or in behalf of the public.

4. DEDICATION — PUBLIC STREETS — APPROVAL.

In the absence of the dedication of a street a township's lack of approval for the vacation of that street is of no consequence and the Subdivision Control Act does not bar the circuit court's consideration of a petition to vacate the street (MCL 560.226; MSA 26.430[226]).

5. PROPERTY — PLATS — STREETS.

A grantee of property in a platted subdivision acquires a private right entitling him to the use of the streets and ways laid down on the plat, regardless of whether there was a sufficient dedication and acceptance to create public rights.

6. ACTIONS — PLATTED PROPERTY — PARTIES — VACATION OF STREETS.

The fact that back-lot platted property owners have an inherent

right to use the streets and public area laid down in the plat does not mean that a plaintiff is required to join them in an action to vacate a part of a street; their rights will not be affected by vacation of a portion of the platted street.

*Fortino, Plaxton & Moskal,* for plaintiffs.

*Miltner Law Office,* for defendant.

Amicus Curiae:

*Walton, Smith & Dixon, P.C.* (by *L. Kent Walton* and *Robert W. Parker),* for Higgins Lake Civil Association.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. The trial court entered a judgment in favor of plaintiffs, vacating a portion of Church Street in Gerrish Township, Roscommon County, and ordering that the land comprising that portion of the street revert to plaintiffs. Defendant's motion for a new trial was denied. From this judgment and order, defendant appeals by right.

The first addition to the Michigan Central Park Subdivision in Gerrish Township was platted in 1901, and Church Street was dedicated in that plat. However, the portion of Church Street which is the subject of this lawsuit has never been open to pedestrian or vehicular travel or any other public use. It is covered with grass, trees and underbrush and is maintained by plaintiffs, who own all the property abutting both sides of this portion of Church Street. Plaintiffs erected a fence which crossed the street; defendant took the fence down. Plaintiffs then filed this action to enjoin defendant from removing the fence and from taking any other action which would permit the

public to travel in the Church Street area abutting plaintiffs' properties.

There are three issues raised on appeal. First, whether plaintiffs, as individual lot owners in the subdivision, had standing to petition the circuit court to vacate a platted street. Second, whether the circuit court had jurisdiction to vacate a platted street without a resolution by Gerrish Township, the governing body, when the street has never been accepted for public use by that body. Third, whether plaintiffs were required to join both the other lot owners in the subdivision and Gerrish Township as party defendants. We will discuss these issues *seriatim.*

At the time plaintiffs' complaint and petition to vacate were filed, the Subdivision Control Act of 1967 was in effect. MCL 560.101 *et seq.;* MSA 26.430(101) *et seq.* The act provided, in pertinent part:

"Sec. 221. The circuit court may, as provided in sections 222 to 229:

"(a) Order a recorded plat to be amended by a change in a dimension which results in changing the size or shape of any part of the plat.

"(b) The circuit court may vacate, correct, alter or revise all or any part of a recorded plat.

"Sec. 222. (1) To amend a recorded plat, the proprietor of the subdivision or any lot in the subdivision may apply to the appropriate circuit court.

"(2) To vacate, correct, alter or revise a recorded plat or any part of it, the proprietor of a subdivision or any lot in a subdivision; the governing body of a municipality which considers it necessary or advisable in the interests of the welfare, health or safety of its citizens; 2/3 of the proprietors collectively, of lands in the subdivision, and who also own 2/3 by area of the lands may apply to the appropriate circuit court." MCL 560.221; MSA 26.430(221) and MCL 560.222; MSA 26.430(222).

Section 222, which has since been amended, contained an obvious contradiction in that it purported to allow the proprietor of any lot in a subdivision to bring an action and yet seemed to require 2/3 of the landowners in the subdivision to join in the action.

Section 222 has been addressed by three panels of this Court. In *Feldman v Monroe Twp Board,* 51 Mich App 752, 757; 216 NW2d 628 (1974), this Court decided that the language requiring an action to change a recorded plat be brought by "2/3 of the proprietors collectively, of lands in the subdivision, and who also own 2/3 by area of the lands" superseded the language granting standing to the proprietor of a single lot. This decision was upheld by this Court in the case of *In re Vacation of Plat of Mollie Britton Estate,* 57 Mich App 468; 226 NW2d 526 (1975). Although the Court in *Mollie Britton Estate, supra,* felt compelled to follow *Feldman,* the result was strongly criticized. Noting that it was unlikely that the Legislature would confer standing on a proprietor of a single lot in one clause only to have it taken away by a later clause, the Court stated that the two portions of the statute did not necessarily conflict because, if the statute was interpreted as it was written, effect could be given to both provisions. As the Court stated:

"Granted not many people will ever make use of the 2/3 provision but at worse this approach treats surplusage as surplusage. The *Feldman* approach uses surplusage to reach a result contrary to the legislative intent." 57 Mich App 468, 472.

On the basis of this analysis, this Court rejected the *Feldman* reasoning in the case of *In the Matter of Amendment of Plat of Sequanota Heights,* 81 Mich App 49; 264 NW2d 115 (1978).

We hold that *Sequanota Heights* represents the better view. The Subdivision Control Act was amended in 1978, and § 222 no longer contains the "2/3 proprietors" requirement. With the benefit of this amendment, it is clear that the Legislature's intent from the beginning was to confer standing on a single lot owner. The amendment in this case was enacted soon after the controversy arose regarding the interpretation of the original statute. Under these circumstances, it is logical to assume that the amendment was intended to clear up the uncertainties surrounding the original act and to make clear what the legislative intent had been from the time the statute was originally enacted. See *Detroit Edison Co v Janosz,* 350 Mich 606, 613-614; 87 NW2d 126 (1957), *Reinelt v Public School Employees' Retirement Board,* 87 Mich App 769, 775; 276 NW2d 858 (1979).

Furthermore, where an amendment to a statute pertains only to a remedy or procedure, it is presumed to operate retroactively, absent statutory language showing a contrary intention. *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 601; 281 NW2d 454 (1979). By contrast, if the amendment to the statute affects substantive property rights, it is presumed not to operate retroactively unless the Legislature clearly and unequivocally has indicated otherwise. In this case, it appears that § 222 is procedural in nature. It does not confer substantive property rights but pertains only to an individual lot owner's ability to bring an action to enforce previously existing rights. The 1978 amendment became effective before judgment was entered in this case. So, under *Kalamazoo City Education Ass'n, supra,* we find that the amended statute governs this action. Plaintiffs, as lot owners in the subdivision, had standing to bring this suit.

Defendant's second argument is that a public street under the jurisdiction of a city, village or township which is dedicated to the public may not be vacated by court order alone but requires also a resolution by the governing body. Plaintiff argues that Church Street was never accepted for public use and therefore a resolution by Gerrish Township was not required.

Under MCL 560.226(1)(c); MSA 26.430(226)(1)(c), a court may not vacate any land dedicated to the public without a resolution by the governing body. In order for § 226(1)(c) to control, the land in question must have been "dedicated to the public". Land ʋis not considered dedicated to the public unless the owner of the fee appropriates it to some public use and it is accepted for use on behalf of the public. *Salzer v State Treasurer,* 48 Mich App 34, 37; 209 NW2d 849 (1973). In *Jones v Crawford County Road Comm,* 45 Mich App 110; 206 NW2d 267 (1973), this Court, quoting from *Tillman v People,* 12 Mich 401, 405 (1864), stated:

"It was essential, before such dedication [of a street] could become effectual, that it should be accepted by the proper authorities on behalf of the public; that such acceptance should be manifested by some act of the public authorities, either formally confirming or accepting the dedication, and ordering the opening of such street, or by exercising authority over it in some of the ordinary ways of improvement or regulation." 45 Mich App 110, 115.

Furthermore, the acceptance of property for public use must be made within a reasonable time. *Jones, supra,* 115.

In the case at bar, the record shows that Gerrish Township did not accept the subject portion of Church Street for the public use. There was nei-

ther a formal resolution nor any use of the street by the public. Since the dedication never became effective by the township's acceptance, § 226(1)(c) did not prevent the court from exercising jurisdiction to vacate the platted street.

Defendant's last argument is that the other lot owners in the subdivision have inherent rights to use the streets and public areas dedicated in the recorded plat, and their rights were ignored because plaintiffs failed to join them in the litigation. Plaintiffs counter that since the street has never been open to public use, the other lot owners have no right to use it nor any interest in it such that they would have to be made part of this litigation.

Plaintiff's contention that the other subdivision lot owners have no interest in the vacated street is incorrect. It is well-established that a purchaser of property in a recorded plat receives not only the interest as described in the deed but also whatever rights are indicated in the plat. *Kirchen v Remenga,* 291 Mich 94, 102-109; 288 NW 344 (1939), *Fry v Kaiser,* 60 Mich App 574, 577; 232 NW2d 673 (1975). A grantee of property in a platted subdivision acquires a private right entitling him " 'to the use of the streets and ways laid down on the plat,' regardless of whether there was a sufficient dedication and acceptance to create public rights", *Rindone v Corey Community Church,* 335 Mich 311, 317; 55 NW2d 844 (1952). Therefore, whether or not the street in question was properly dedicated or accepted by Gerrish Township is irrelevant as to the interests of the property owners within the subdivision. The private rights of those property owners to use the dedicated street cannot be extinguished by the township's failing to accept the street for public use.

However, the fact that the back-lot property

owners have an inherent right to use the streets and public areas laid down in the plat does not mean that plaintiff was required to join them in this action as party defendants. Their rights have not been affected by the trial court's decision to vacate a portion of the platted street. Although title to a street which is vacated by court judgment vests in the abutting property owners, MCL 560.227a; MSA 26.430(227a), the back-lot property owners' right to use the platted street, a right in the nature of an easement, may remain unimpaired. Since the interests of the back-lot property owners are not necessarily affected by this decision, they need not have been made parties to this action.

Affirmed. Plaintiffs may tax costs.