CONLON *v.* DEPARTMENT OF TREASURY

1. PROPERTY—ROADWAY—VACATION—RIGHT TO INTERVENE.

 Property owners in the platted subdivision in which a roadway was being vacated had a right to object to the vacation and to intervene in the proceedings despite the fact that their property did not abut the road in question (MCLA § 560.226).

2. JUDGMENT—ORDERS—SETTING ASIDE—DISCRETION.

 A trial court has wide latitude to set aside its previous orders (GCR 1963, 528.3[6]).

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 February 1, 1971, at Lansing. (Docket No. 9547.) Decided February 25, 1971.

Complaint by W. Allen Conlon and other persons who own property abutting a roadway to vacate a portion of a plat. Consent judgment vacating a portion of the road entered. Motion to permit intervention filed by property owners whose property did not abut the portion of the road vacated. Motion granted. Intervenors' motion to set aside the consent judgment granted. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Eminent Domain §§ 145, 149, 200, 241–245, 248, 328.
[2] 47 Am Jur 2d, Judgments §§ 783, 784.

*E. Reed Fletcher,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Patrick Kowaleski,* Assistant Attorney General, for the Department of Treasury.

*Richard R. Robinson,* for intervenors.

Before: Quinn, P. J., and McGregor and O'Hara,* JJ.

Per Curiam.  The plaintiffs petitioned the circuit court on October 29, 1968, to enter an order vacating a small portion of Lakeside Drive in the "Kirk's Landing Long Lake" subdivision in Livingston County.  The Attorney General, acting as counsel for the named defendant, filed a consent to the action.  On January 28, 1969, the order was entered.  Thereafter, on October 1, 1969, on the motion of the intervening petitioners, an order setting aside the original order was filed.  This is an appeal by leave granted.

The intervenors are property owners in the platted subdivision, but their property does not abut the road portion in question.  Such parties may have an interest in the proceedings and a right to object to the vacation of the roadway. *In re Petition of Carson* (1961), 362 Mich 409.  Futhermore, the Subdivision Control Act of 1967, MCLA § 560.226 (Stat Ann 1970 Rev § 26.430[226]) provides that alteration of plats may be ordered by circuit courts after "hearing all interested parties".  This Court, not being presented with the question, is not

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ruling on whether roads never adopted by the county road commission are nonetheless county roads, by virtue of the old McNitt Act. CL 1948 § 247.1 *et seq.* (Stat Ann § 9.141 *et seq.*), since repealed. *In re Petition of Miller* (1969) 18 Mich App 480; *In re Petition of Wernicke* (1959), 331 Mich 91.

The circuit court did not commit reversible error in setting aside the original order on a showing by intervenors of their interest and objection. Wide latitude is granted to a trial court to set aside its previous order, by GCR 1963, 528.3(6).

Affirmed. No costs.