*In re* GONDEK

GONDEK v NEAL

DEDICATION—RECORDED PLATS—PETITION TO VACATE—OBJECTIONS—
BURDEN OF PROOF—INDEFINITE CONTINUANCE.

A party objecting to a petition to vacate a recorded plat bears the
burden of raising a reasonable objection to the petition; a
petitioner is not required to show that the present state of the
property is impossible of indefinite continuance, but the fact
that it could indefinitely remain in its natural state is a factor
to be considered when assessing the reasonableness of an
objection.

Appeal from Oakland, Frederick C. Ziem, J.
Submitted January 13, 1976, at Detroit. (Docket
No. 22966.) Decided May 18, 1976.

Petition by Mary R. Gondek and Delphine H.
Pavlok to vacate a recorded plat. Objections to the
vacation by Herbert R. Neal and others. Petition
denied. Petitioners appeal. Reversed and re-
manded.

*Albert P. Herzog,* for petitioners.

*Larson & Harms, P. C.,* for objectors.

Before: BRONSON, P. J., and R. B. BURNS and
D. E. HOLBROOK, JR., JJ.

PER CURIAM. We confront yet another case
which requires that this Court supply key missing
pieces to a legislative puzzle called the Subdivision

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Covenants, Conditions, and Restrictions § 323.

Control Act of 1967, MCLA 560.101 *et seq.;* MSA
26.430(101) *et seq.* We have previously encountered
confusion in this act and must conclude, again,
that "these provisions emerged prematurely from
the legislative drafting process". *Feldman v Monroe Township Board,* 51 Mich App 752, 755; 216
NW2d 628 (1974).

The precise question we must face is the placement and the severity of the burden of proof in a
proceeding brought to vacate all or part of a
recorded plat. The Oakland County Circuit Court,
in considering appellant's petition to vacate an
outlot of a Farmington subdivision plat, held that
a petitioner bore the burden of showing that the
status quo, as platted, was "impossible of indefinite
continuance". Although we agree with the trial
judge that the law is hardly clear in this area, we
respectfully decline to adopt his proposed clarification.

A review of the law of vacating recorded plats is
in order. Before the 1967 enactment of the Subdivision Control Act, the statutory scheme found in
the Plat Act of 1929, 1929 PA 172, governed the
making, approving, filing, recording, altering, and
vacating of plats. Under the 1929 act, those objecting to the petition to vacate bore the burden of
raising a reasonable objection to the petition.

"[T]he court shall proceed to alter or vacate, correct
or revise, the plat or part thereof, *unless there is
reasonable objection to making the alteration or vacation, correction or revision,* in which case the court
shall not proceed to alter or vacate, correct or revise
the plat, or part thereof unless it is deemed necessary
for the health, welfare, comfort or safety of the public."
Former MCLA 560.62; MSA 26.492. (Emphasis added.)

As would be expected, cases interpreting this

statutory language of "reasonable objection" nearly always turned on the particular facts proven. See, *e.g., Binkley v Asire,* 335 Mich 89, 94–95; 55 NW2d 742 (1952). The only conclusion we need presently draw from the prior statute is that the objectors bore the burden of convincing the trial judge that there existed a reasonable objection to the petition to vacate.

When the 1967 legislation was enacted, repealing the 1929 law, the draftsmen neglected to include an indication of who was to bear the burden of proof and what the precise burden was to be. Provisions in the new law that concern petitions to vacate elaborate requirements of pleading, notice, and standing, see MCLA 560.221–226; MSA 26.430(221–226), but give no clue to the burden of proof. Section 226 surprisingly concludes:

"After requiring proof that the required notices have been given and after hearing all interested parties, the court may order dimensional changes to be made in a recorded plat, or may order a recorded plat or any part of it to be vacated, corrected or revised * * * ."

There is no indication of why a judge should order that a plat be vacated, nor any suggestion of which party must convince the court. It is as if the Legislature set a table for a banquet but forgot to serve the meal.

Since the 1967 passage of this act, Michigan's appellate courts have successfully avoided deciding which party must bear what burden of proof. See *Bangle v State Treasurer,* 34 Mich App 287, 289; 191 NW2d 160 (1971).

The only case that even remotely suggests a standard is *Conlon v Treasury Department,* 31 Mich App 180; 187 NW2d 491 (1971). *Conlon* affirmed a trial court's setting aside of an order

allowing a petition to vacate after intervening objectors' motion. This Court reasoned that because the intervenors' motion showed "interest and objection" the original order approving the petition could be set aside. 31 Mich App at 182. We can make the extremely large leap from this opinion to the conclusion that an objector must show an "objection" to prevent an order approving the vacating of a plat. This inference from *Conlon* admittedly is not compulsory, nor even strong, but it does suggest that that panel adopted the prior "reasonable objection" standard on burden of proof in proceedings to vacate.

The trial judge in the present case decided that the failure of the 1967 act to include the prior law's language should be considered a repudiation of the prior standard on burden of proof. Accordingly, after searching for a new doctrine, he fashioned the rule that the party seeking to vacate must show that the plat as recorded is "impossible of indefinite continuance".

While the trial judge gave no indication of the origin of this test, we believe that the particular language is derived from *Westveer v Ainsworth,* 279 Mich 580; 273 NW 275 (1937). The trial court erred in believing that *Westveer* established this phrase as a legal standard for proceedings to vacate. The *Westveer* Court clearly relied on the traditional statutory standard of "reasonable objection". In assessing whether objectors' opposition to the petition was reasonable, the Court stated:

"Nothing has occurred within the boundaries of the plat or outside to render their plan, in operation for over 40 years, abortive or impossible of indefinite continuance. It is a reasonable objection to vacation of the

plat that it is proposed to take from the lot owners the conditions they prize as advantages and for which they have paid, impair the enjoyment of their property and subject it to the destruction which would result from subdivision and sale of the public premises for profit." 279 Mich at 585.

In short, the *Westveer* Court did not require that petitioners show that the present state of the property be "impossible of indefinite continuance". The Court merely indicated that the fact that the property could indefinitely remain in its natural state was a factor to be considered in assessing the reasonableness of an objection.

The present trial judge should not have concluded that the *Westveer* language answered the burden of proof questions raised by the 1967 act. What he should have concluded is not easy to determine, but we must nonetheless decide the issue. The least confusing and, we believe, most proper solution is to declare that the prior law on burden of proof in proceedings to vacate a plat remains intact despite the 1967 act. We believe that it is more appropriate to perpetuate prior law that has not been expressly rejected by the Legislature than it is to fashion a new doctrine out of thin air. If there was a legislative intent to replace the "reasonable objection" test, we cannot find it. If we are in error in continuing the prior test—a doctrine, incidentally, that stood for nearly 40 years—let the Legislature correct us. See *First National Bank v Michaels,* 57 Mich App 468, 469–472; 226 NW2d 526 (1975).

We remand to the Oakland County Circuit Court for a determination, on proofs thus far presented, of the reasonableness of appellees' objections to the petition to vacate.