*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

G&D INVESTMENT GROUP LLC,

        Plaintiff-Appellant,

v

CEDAR BLUFF PRESERVE LLC, ROBERT J. LARSON, and DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS,

        Defendants-Appellees,

and

JOANNA MARIE RAJTER, ANNA RAJTER, MICHAEL CHISM, LINDA CHISM, WOODS ESCAPE LLC, PAUL J. SONDGERATH and SANDRA T. SONDGERATH, Trustees of the SANDRA & PAUL J. SONDGERATH LIVING TRUST, MONTY BRENNER, CHERYL BRENNER, PATRICIA HUBBARD, MARK HUBBARD, MARY TOBIN, RCJ INVESTMENTS LLC, EDGAR GUIGUE, HAZEL GUIGUE, DANIEL SHANAHAN, ROBERT GREGOR, NANCY MCADAM, TRACY R. LESLIE, Trustee of the TRACY R. LESLIE REVOCABLE TRUST, ROBERT W. WEBSTER, Trustee of the ELEANOR O. WEBSTER TRUST, JAMES FAIRBAIRN, PATRICIA FAIRBAIRN, JUDITH FAIRBAIRN, BERNICE LOPATA and CAROL RICE, Trustees of the LOPATA-RICE TRUST, MARTIN L. KOCH, Individually and as Trustee of the TRUST AGREEMENT OF MARTIN L. KOCH, DEPARTMENT OF TRANSPORTATION, MARGARET SCHNEIDERMAN, ROBERT L. SHERWOOD, Trustee of the ROBERT LISTER SHERWOOD TRUST, BENJAMIN SYLVESTER, DANIEL SYLVESTER, THE DEBORAH GANG

UNPUBLISHED
December 10, 2025
10:28 AM

No. 373941
Allegan Circuit Court
LC No. 2022-066617-CZ

-1-

TRUST, WILLIAM HULL, TERRI HULL, MARK
FITZGERALD HUBBARD, KATHLEEN
FRANCES HUBBARD-MCDOLE, LORRAINE W.
HUBBARD, DEPARTMENT OF NATURAL
RESOURCES, JEAN R. VANIER, Individually and
as Trustee of the JEAN R. VANIER TRUST,
DAVID STEWART, Trustee of the BETTY L.
STEWART IRREVOCABLE TRUST, FREDRICK
J. FARRER and JUDITH A. FARRER, Trustees of
the FREDRICK J. FARRER AND JUDITH A.
FARRER TRUST, CHARLES BEATTY, DEBRA
BEATTY, JANE CONWAY, Trustee of the
REVOCABLE TRUST AGREEMENT 08-11-88,
KENNETH A. SCHRODER, Trustee of the
KENNETH ALAN SCHRODER TRUST, DANIEL
KEMPTON, HELEN KEMPTON, WILLIAM
ANDERSON, ELIZABETH ANDERSON, JASON
WAYNE BERRY, ALLEGAN COUNTY DRAIN
COMMISSION, LOIS LARSON, ERIC RAUCH,
HEIDI RAUCH, ERIC JAMES NEWBOLD,
PAULA NEWBOLD, TIMOTHY MALONEY,
MARYLU MALONEY, MATTHEW WEHRMAN
and LISA WEHRMAN, Trustees of the LISA AND
MATTHEW WEHRMAN TRUST, TOWNSHIP OF
CASCO, and ALLEGAN COUNTY ROAD
COMMISSION,

         Defendants.

Before:  M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

In this property action, plaintiff-appellant, G&D Investment Group LLC, appeals as of right the trial court judgment denying plaintiff's request to vacate all or certain portions of the platted roads within the Cedar Bluff Park Addition plat, pursuant to the Land Division Act (LDA), MCL 560.101 *et seq*.  Numerous defendants were named in this matter; however, all but the following three defendants were dismissed through stipulation or otherwise: Cedar Bluff Preserve LLC (CBP), Robert J. Larson, and the Michigan Department of Licensing and Regulatory Affairs (LARA).  And because LARA ultimately offered no objection to the relief that plaintiff sought so long as the LDA was complied with, Larson and CBP were the only defendants for the purposes

-2-

of the bench trial in this case. Accordingly, to the extent that this opinion refers to "defendants," it is referring to Larson and CBP.[1] We affirm.

## I. FACTS

The original plat in this case, containing 132 lots, was recorded in 1925. According to the plat, the platted roads were "dedicated to the use of the lot owners." But the roads were never constructed or maintained. Since then, there have been two amendments to the plat—both amendments combined certain lots and vacated their respective abutting platted roads, but neither amendment concerned the lots at issue in this case. The only lots pertinent to this appeal are the following: (1) plaintiff's vacant lots, purchased in 2021; (2) Larson's vacant lots, purchased in 2012; and (3) CBP's vacant lots, purchased in 2022. Notably, Larson owns CBP.

In December 2022, plaintiff filed a complaint, requesting that the trial court vacate all the platted roads—or at least the platted roads bordering plaintiff's property—within the Cedar Bluff Association plat, pursuant to the LDA. Plaintiff explained that the vacation of the roads would allow plaintiff to connect its separated lots into one continuous plot of land, thereby increasing the land's value and utility. Defendants requested that the trial court dismiss plaintiff's claims with prejudice. Defendant's objections included that: (1) defendants had a right to use the roads, (2) defendants would not consent to the vacation of the roads, (3) the roads represented valuable property rights of the defendants, and (4) vacation of the roads would limit defendants' development opportunities and deprive defendants of valuable access rights.

At the very beginning of the bench trial, the trial court indicated that it had met with the attorneys in chambers, and everyone agreed that it would be appropriate to submit written briefs concerning the impact of *Beach v Lima Twp*, 283 Mich App 504; 770 NW2d 386 (2009), aff'd 489 Mich 99 (2011), on plaintiff's request for relief. Accordingly, both parties submitted posttrial briefs in this matter. Plaintiff argued that *Beach* did not require a finding of adverse possession over platted roads before they could be vacated under the LDA; instead, it merely explained that the LDA was not the proper avenue to seek relief when trying to establish ownership by adverse possession, but it was the proper avenue to seek relief when trying to establish an interest in land traceable to the plat or platting process. Conversely, defendants asserted that under *Beach*, plaintiff was required to show that it had substantive property rights in the roads before they could be vacated under the LDA.

Thereafter, the trial court issued a written order denying plaintiff's request to vacate all or certain portions of the platted roads. The trial court analyzed three distinct arguments. First, citing *Beach v Lima Twp*, 489 Mich 99, 109-111, 115; 802 NW2d 1 (2011), the trial court noted that because the LDA was not intended to establish nonexistent property rights, plaintiff was required to show an existing substantive property right in the streets sought to be vacated before such relief could be granted. Second, the trial court found that defendants established reasonable objections—

---

[1] As an initial matter, we reject defendants' jurisdictional challenge because the trial court's judgment clearly meets the definition of final under MCR 7.202(6)(a)(*i*), ensuring that we have jurisdiction over this appeal as of right, pursuant to MCR 7.203(A).

related to access and development—to the vacation of the platted roads. And third, the trial court found that plaintiff's request for a nonuniform amendment, without the unanimous consent of the affected property owners, was "not consistent with [*Maatta v Dead River Campers, Inc*, 263 Mich App 604, 617; 689 NW2d 491 (2004)] and impermissible as a matter of law." Plaintiff now appeals.

## II. PRESERVATION AND STANDARD OF REVIEW

"Issues that are not properly addressed by the trial court are not preserved for review." *Koster v June's Trucking, Inc*, 244 Mich App 162, 168; 625 NW2d 82 (2000). In this case, the trial court plainly addressed: (1) existing substantive property rights under *Beach*, (2) defendants' objections under the LDA, and (3) nonuniform amendments to covenants. Therefore, those issues are all preserved for appellate review. See *id*. But because plaintiff did not object—and in fact, affirmatively agreed—to the submission of posttrial briefs on the *Beach* issue, plaintiff failed to preserve its argument that the trial court *sua sponte* introduced the issue of existing substantive property rights under *Beach*. See *id*. Although we may overlook preservation requirements under certain circumstances, we decline to do so here. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289-290; 14 NW3d 472 (2023); see e.g., *Joseph v Nat'l Gen Ins Co*, ___ Mich App ___, ___; ___NW3d ___ (2025) (Docket No. 364798); slip op at 9.

"A trial court's findings of fact in a bench trial are reviewed for clear error while its conclusions of law are reviewed de novo." *Midwest Valve & Fitting Co v Detroit*, 347 Mich App 237, 250; 14 NW3d 826 (2023), aff'd 14 NW3d 393 (Mich, 2024). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Id*. (quotation marks and citation omitted). "This Court is especially deferential to the trial court's superior ability to judge of the relative credibility of witnesses." *Fraser Twp v Haney*, ___ Mich App ___, ___; ___NW3d ___ (2025) (Docket No. 368834); slip op at 2 (quotation marks and citation omitted).

## III. NONUNIFORM AMENDMENTS TO COVENANTS

As an initial matter, defendants argue that plaintiff's failure to address the trial court's third finding—regarding nonuniform amendments to covenants—requires dismissal of this case because "irrespective of how this Court rules on the other two holdings of the trial court, the appeal must necessarily fail because the outcome of this case will not change due to the third holding surviving . . . ." We disagree because denial of relief under this issue does not preclude relief under the other issues plaintiff raised.

The trial court found that "plaintiff's request for a nonuniform amendment," without the unanimous consent of the affected property owners, was "not consistent with *Maatta* and impermissible as a matter of law." In *Maatta*, 263 Mich App at 616, this Court held that "[n]on-uniform covenant amendments require the unanimous consent of the affected property owners." According to the plat in this case, the roads were "dedicated to the use of the lot owners." Although some of the lot owners did not object to the vacation of the roads, defendants clearly did. Because plaintiff did not obtain unanimous consent to vacate the platted roads, plaintiff needed to establish a reason for vacation by other means, which as will be discussed next, plaintiff failed to do.

IV. EXISTING SUBSTANTIVE PROPERTY RIGHT

On appeal, plaintiff first argues that the trial court erred by finding that plaintiff was required to show an existing substantive property right in the streets sought to be vacated before such relief could be granted under the LDA. We disagree.

Under the LDA, a trial court may "vacate, correct, or revise all or a part of a recorded plat." MCL 560.221; See *Tomecek v Bavas*, 482 Mich 484, 495-496; 759 NW2d 178 (2008). The LDA defines "plat" as "a map or chart of a subdivision of land." MCL 560.102(a). To vacate, correct, or revise a recorded plat or any part of a recorded plat, a complaint must be filed in the trial court "by the owner of a lot in the subdivision, a person of record claiming under the owner, or the governing body of the municipality in which the subdivision covered by the plat is located." MCL 560.222. The complaint must set forth the following: (1) "[t]he part or parts, if any, sought to be vacated and any other correction or revision of the plat sought by the plaintiff;" and (2) "[t]he plaintiff's reasons for seeking the vacation, correction, or revision." MCL 560.223. Once the plaintiff has asserted a reason for the vacation, correction, or revision, those opposing the action have the burden of showing a reasonable objection to the request. *Petition of Gondek*, 69 Mich App 73, 74-77; 244 NW2d 361 (1976).

"When construing the LDA, we are mindful that our primary goal is to ascertain and give effect to the Legislature's intent. When determining intent, we consider first the language of a statute." *Tomecek*, 482 Mich at 496 (citation omitted). "The LDA was never intended to enable a court to establish an otherwise nonexistent property right. Rather, the act allows a court to alter a plat to reflect property rights already in existence." *Id*. As our Supreme Court has explained, "[a] map, by itself, is not a determination of substantive property interests. If one 'revises' a map of the United States to show Michigan encompassing half of the country, it does not make it so." *Id*.

In this case, the trial court relied on *Beach*, 489 Mich 99, for the proposition that plaintiff needed to show an existing substantive property right in the streets sought to be vacated before such relief could be granted under the LDA. In the trial court and in its appellate brief, plaintiff argued that the LDA was the proper avenue for relief because plaintiff was "looking for relief from the establishment of a plat or the platting process . . . ." But according to the plat, the roads were "dedicated to the use of the lot owners," and plaintiff never explained what the alleged error was in the establishment of the plat or the platting process. Instead, plaintiff merely argued that it preferred to have the roads vacated. It was not until plaintiff's reply brief on appeal that plaintiff claimed "a reversionary interest in the land subject to the roads which it abuts . . . ." "Reply briefs must be limited to rebuttal of the arguments in the appellee's or cross-appellee's brief . . . ." *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) (quotation marks and citation omitted). "Raising an issue for the first time in a reply brief is not sufficient to present the issue for appeal." *Id*. (quotation marks, citation, and alteration omitted). Therefore, we decline to address plaintiff's reversionary-interest argument. See *id*.

Because plaintiff has failed to timely explain what the alleged error was in the establishment of the plat or the platting process, the crux of this issue is whether the trial court was correct in finding that plaintiff needed to show an existing substantive property right in the streets

sought to be vacated before such relief could be granted under the LDA. We conclude that the trial court did not err in this regard.

## A. *BEACH*

The dispute in *Beach*, 489 Mich at 103, arose from a disagreement over property rights to areas of land that were designated as platted streets but that had never been developed or used as roads. The plat at issue was made and recorded in 1835, and it had remained unaltered since its execution. *Id*. In 2004, the defendant purchased land within the plat, intending to use and develop part of the platted roads for ingress and egress to their parcel. *Id*. The plaintiffs, disputing the defendant's right to use and develop the platted streets, filed an action to quiet title on the basis of adverse possession. *Id*. at 104. The trial court ultimately granted plaintiffs' motion for summary disposition, finding that: (1) large trees, at least 100 years old, were growing in the middle of the platted streets; and (2) the plaintiffs had adversely possessed the disputed area by farming and maintaining private trials and fences on the land. *Id*.

The question posed in *Beach*, was "whether a nonrecord property holder seeking to establish marketable title by proof of adverse possession must bring such an action under the LDA, rather than solely as an action to quiet title." *Id*. at 107. Our Supreme Court explained that the LDA's language, coupled with its historical application, "highlights the crucial limitation of LDA actions to vacate, correct, or revise a recorded plat." *Id*. at 116-117. For example, "[i]f a party's interest in land is traceable to the plat or the platting process, the LDA is the appropriate avenue for relief." *Id*. at 117. But "[i]f, as here, a party seeks to establish a substantive interest in land that is not traceable to the plat nor the platting process, the LDA cannot provide the necessary relief." *Id*. "It is only after such a property right has been recognized that the need arises under the LDA to revise a plat that does not reflect the newly recognized property right. Until that property right is legally recognized, the LDA is inapplicable." *Id*. at 102. The Court reiterated that "[t]he LDA was never intended to enable a court to establish an otherwise nonexistent property right. Rather, the *act allows a court to alter a plat to reflect property rights already in existence*." *Id*. at 109-110 (quotation marks and citation omitted; emphasis added).

## B. APPLICATION OF *BEACH*

In this case, plaintiff—similar to the plaintiffs in *Beach*—sought to vacate previously platted, but never developed, roads. See *id*. at 103. But unlike the plaintiffs in *Beach*, plaintiff never argued a substantive property right through adverse possession or otherwise.[2] Rather, plaintiff merely argued that it preferred to have the roads vacated. Because plaintiff failed to explain how its alleged interest in the roads was "traceable to the plat or the platting process," the LDA was not the proper avenue for relief in this case. *Id*. at 117. The proper avenue would have instead been for plaintiff to: (1) first, legally establish a substantive property interest in the roads, that was not traceable to the plat nor the platting process; (2) then, move, under the LDA, to have

---

[2] As previously stated, because plaintiff failed to raise its reversionary-interest argument until its brief on appeal, it was not sufficiently raised for appeal. See *Bronson Methodist*, 298 Mich App at 199.

the plat revised to reflect that newly recognized property right. *Id*. at 102.  Accordingly, the trial court did not err by finding that plaintiff was required to show an existing substantive property right in the streets sought to be vacated before such relief could be granted under the LDA.  See *id*.  As the trial court explained, "[t]o conclude otherwise, would create a new property right, a record title, through the LDA on behalf of plaintiff[], which is impermissible." *See id*. at 109-110.

Because plaintiff has not demonstrated a current substantive property right in the streets sought to be vacated, the trial court did not err by denying plaintiff's requested relief in this case.

## V. REASONABLE OBJECTION

Plaintiff further argues that the trial court erred by finding that defendants had a reasonable objection to the vacation of the platted roads.  But because plaintiff has failed to establish a reason for vacation of the platted roads under the LDA, we do not need to reach the question of whether defendants had a reasonable objection to plaintiff's requested relief.  See *Petition of Gondek*, 69 Mich App at 74-77.

Affirmed.

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney